# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JAY RODIA**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 26 2013, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL SPARKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-593 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert Altice, Judge
Cause No. 49G02-1202-FC-8723

**February 26, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Paul B. Sparks's probation was revoked and he was ordered to serve the entirety of his previously-suspended sentence at the Department of Correction after he admitted to violating a condition of his probation. He now appeals, raising two issues, one of which we restate and find dispositive: whether the trial court violated Sparks's due process rights in its handling of his probation revocation hearing. Concluding that Sparks's due process rights were violated, we reverse and remand for a new probation revocation hearing.

## Facts and Procedural History

Sparks was convicted of battery, a Class C felony, and invasion of privacy, a Class A misdemeanor, following a guilty plea entered on May 2, 2012. On May 9, 2012, he was sentenced to concurrent, suspended terms of five years for the battery and one year for the invasion of privacy. The trial court placed Sparks on probation for two years with the condition that he would participate in an inpatient treatment program for alcohol abuse in the Hebron Center in Bloomington, Indiana, for one year followed by a second year of treatment in a program approved by the probation department and the Hebron Center. On May 22, 2012, the State filed a notice of probation violation, alleging that Sparks left the Hebron Center on May 17, 2012, without notice.

The parties appeared before the trial court on June 29, 2012, for a probation violation hearing. At the hearing, during a short conversation with the court, the State explained that Sparks had left the Hebron Center after only a few days of attendance. The court responded: "Right. So he left after three days. If he is willing to accept responsibility for his actions . . .

I was thinking of giving him a four year sentence if he'll do that. Otherwise, if you want to have a hearing, we can have a hearing." Transcript at 5. The State informed the court that it would rather have a hearing, but after a recess, the attorneys informed the court that Sparks had decided to admit to the violation. Under oath, Sparks admitted that he left the Hebron Center on May 17. The court then reminded Sparks of the sentencing hearing at which the court had informed him that he had been given "the deal of a lifetime." Id. at 7. When Sparks was given the opportunity to address the court, he indicated that he wanted to return to the Hebron Center and that he wanted to continue addressing his drinking problem. The trial court revoked Sparks's probation and ordered him to serve the entirety of his five year suspended sentence. Sparks now appeals.[1]

## Discussion and Decision

### I. Standard of Review

Probation is a favor granted by the State and is not a right to which a criminal defendant is entitled. Cooper v. State, 917 N.E.2d 667, 671 (Ind. 2009). The decision to revoke probation lies within the sound discretion of the trial court. Id. Thus, a trial court's decision to revoke probation and its subsequent sentencing decision is reviewed for an abuse of discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). However, because

[1] Sparks did not file a post-conviction relief petition prior to filing this direct appeal. A panel of this court has held that an alleged error during a guilty plea in a probation revocation hearing must be challenged by a post-conviction relief petition. Huffman v. State, 822 N.E.2d 656, 660 (Ind. Ct. App. 2005). The court in Huffman based its decision on our supreme court's decision in Tumulty v. State, 666 N.E.2d 394, 396 (Ind. 1996), in which the court held that a guilty plea leading to a criminal conviction must be challenged by a post-conviction relief petition and not a direct appeal. The issue of whether the rule in Tumulty should be extended to probation revocation hearings remains unsettled. We have chosen to address the probation revocation issue

3

probation revocation implicates the probationer's conditional liberty interest, the probationer is entitled to some procedural due process. Cooper, 917 N.E.2d at 671-72. Thus, if a reviewing court finds that a violation of due process took place, it must reverse and remand with instructions to conduct a revocation hearing consistent with due process requirements. Id. at 672.

## II. Probation Revocation

Probation revocation is a two-step process. Woods v. State, 892 N.E.2d 637, 640 (Ind. 2008). First, the court must make a factual determination that a violation of a condition of probation has taken place. Id. Second, if a violation is proven, the trial court must determine whether the violation warrants revocation of the probation. Id. While a defendant is not entitled to full due process rights for a probation revocation, due process requires the following:

> (a) written notice of the claimed violations of [probation]; (b) disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body . . . ; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation].

Parker v. State, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997) (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Indiana has codified the due process requirements and requires that an evidentiary hearing be held to determine whether the State has proven the probation violation by a preponderance of the evidence. Ind. Code § 35-38-2-3(d), (f). Failure to hold

in this case on the merits.

4

an evidentiary hearing is a fundamental error and requires reversal. Eckes v. State, 562 N.E.2d 443, 445 (Ind. Ct. App. 1990). If a probationer admits to the violation, an evidentiary hearing is not required. Ind. Code § 35-38-2-3(e). But if the probationer is unrepresented, the court must advise him of his right to counsel even if he or she decides to admit the probation violation. Eaton v. State, 894 N.E.2d 213, 217 (Ind. Ct. App. 2008), trans. denied. If there is an admission, the court can go to the second step of the process to determine whether the violation warrants revocation, but the probationer must be given an opportunity to provide mitigating evidence suggesting that the violation does not warrant revocation. Woods, 892 N.E.2d at 640.

An evidentiary hearing did not take place in this case. And while Sparks admitted to violating a term of his probation, this admission came following the trial court's comment that it was inclined to give him four years if he accepted responsibility for his actions. The trial court's comment at the outset of the hearing overlooks the fact that the probationer has a constitutional and statutory right to an evidentiary hearing in which the State proves the probation violation by a preponderance of the evidence before the trial court decides whether a condition of probation was violated. A trial court's failure to hold an evidentiary hearing prior to revoking probation requires reversal even if there is sufficient evidence in the record to support the revocation of the probation. See Eckes, 562 N.E.2d at 445. Also, an informal conversation between the court and the parties does not constitute an evidentiary hearing and does not comport with a probationer's due process rights. See Dalton v. State, 560 N.E.2d 558, 560 (Ind. Ct. App. 1990).

Sparks argues that his admission was not made voluntarily and knowingly in light of the trial court's comment. He contends that the trial court's comment "actually misled" him to believe that he would receive a four year sentence, but the court later ordered him to serve his full five year term. The State argues that while Sparks may have formed a mistaken belief as to the sentence he would receive if he admitted to the probation violation, he was not actually misled by the court.

In support of his argument, Sparks cites Sims v. State, 547 N.E.2d 895 (Ind. Ct. App. 1989), trans. denied. In Sims, the defendant argued in a post-conviction relief petition that his probation violation admission was not voluntary, knowing, and intelligent and that he had been "actually misled" by his attorney and an agent of his substance abuse program as to the consequences of admitting to the probation violation. Id. at 897. The post-conviction court denied his petition. This court noted that a defendant must be "actually misled" and not just form a mistaken belief, id. at 898 (citing White v. State, 497 N.E.2d 893 (Ind. 1986)), but, ultimately, refused to reweigh the evidence and affirmed the post-conviction court's holding that the admission was voluntary, knowing, and intelligent. Id. at 898.

In this case, unlike Sims, there was no finding by a factfinder regarding whether Sparks's admission was voluntary and knowing. The record is not clear as to whether Sparks was "actually misled" regarding the consequences of his admission, though there appears to be some evidence that he did not understand the consequences of his admission. For example, after Sparks admitted that he had left the Hebron Center on May 17, 2012, the following exchange took place between the court and Sparks:

6

The court: And you understand as a result of that that makes you in violation of your probation?
The defendant: I do, Your Honor.
The court: You understand I'm going to revoke your probation?
The defendant: No, I didn't understand that—I was going to—I wanted to talk to you.

Tr. at 7. Moreover, the nature of the trial court's comment at the outset of the hearing lends support to the contention that Sparks's admission was not voluntary and knowing.

We note that even though both parties have advanced their arguments regarding whether Sparks's admission was voluntary and knowing, it is not settled in Indiana that a probation violation admission must be made knowingly and voluntarily akin to a guilty plea. Cf. Eaton, 894 N.E.2d at 216-17 (a waiver of counsel during a probation revocation hearing must be made knowingly and voluntarily). In Sims, the court, in a footnote, stated that "[w]e do not actually decide whether an admission to a probation violation must be voluntary, knowing and intelligent, but discuss the issue in those terms since both parties have argued in that manner." 547 N.E.2d at 897 n.4. The court went on to note that many federal courts have held that many of the requirements that apply to guilty pleas do not apply to probation revocation proceedings. Id.

Like the court in Sims, we do not decide the issue of whether a probation violation admission must be made voluntarily, knowingly, and intelligently in Indiana. Rather, we base our decision on the cumulative effect of the lack of an evidentiary hearing, the unknowing nature of Sparks's admission, and the trial court's comment. Thus, while an evidentiary hearing is not required if the defendant admits to the probation violation, the lack of an evidentiary hearing in this case in light of the trial court's comment and the suspect

7

quality of Sparks's admission constitutes fundamental error.[2] Accordingly, we reverse and remand for a new probation revocation hearing consistent with the requirements of due process.

Conclusion

The trial court did not handle the probation revocation hearing in a way that comports with Sparks's due process rights. Therefore, we reverse and remand for a new probation revocation hearing.

Reversed.

MAY, J., and PYLE, J., concur.

---

[2] Sparks also argues that the five-year sentence ordered by the trial court was an abuse of discretion in light of the court's comment that it would likely give him four years if he was willing to accept responsibility for his actions. Because we find a violation of due process, we do not decide this issue, but note that a trial court has "considerable leeway" when making sentencing decisions for probation violations. Prewitt, 878 N.E.2d at 188.