**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 19 2014, 10:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RAVEN N. YOUNG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 62A01-1401-CR-29 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable Lucy Goffinet, Judge
Cause No. 62C01-1308-FD-495

**June 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Raven Young appeals the revocation of her placement in a community corrections day reporting program and the order to execute her suspended sentence in the Indiana Department of Correction. Young raises one issue for our review: whether she was denied due process rights during the revocation process. Concluding her due process rights were not denied, we affirm.

## Facts and Procedural History

Young pleaded guilty in September 2013 to possession of methamphetamine and maintaining a common nuisance, both Class D felonies. As a condition of the plea agreement, she was required to enter the Day Reporting Program of the Perry Community Corrections Department (the "Program"). The plea agreement provided for consecutive sentences on each count; Young was ordered to serve sixty days in jail followed by thirty-four months suspended, contingent upon successful participation in the Program. In November 2013, the State filed a notice of violation of the conditions of the Program, alleging Young tested positive for amphetamines during a home visit, communicated with other individuals convicted of a felony, was dishonest about her job status, and did not perform thirty-five hours of community service while not working the week of November 4, 2013.

At the initial hearing on the violations, the court advised Young of the allegations against her, and Young stated she understood the allegations. The court also stated:

> Ma'am, you have the following rights in this case. You have the right to an attorney. If you cannot afford one, the Court would appoint one to represent you. You have the right to have a hearing on the allegations made in the Notice that I just read to you, and at that hearing the State must

2

prove by a preponderance of the evidence that you violated a term or condition of the program before you could be found in violation.

Transcript at 4-5. Upon Young's request, the court appointed an attorney for her. At a status conference on December 11, 2013, Young admitted all of the allegations against her without a specific agreement on the disposition of the case. After accepting the admission, the court entertained argument as to a recommended sanction, then, at the dispositional hearing, allowed Young's counsel to again speak on her behalf. Upon recommendation from Community Corrections, the court determined Young was ineligible for the Program and revoked the suspended portion of her sentence. Young now appeals.

<u>Discussion and Decision</u>

I. Standard of Review

Upon appellate review, a hearing on a petition to revoke a placement in a community corrections program is treated the same as a hearing on a petition to revoke probation. <u>Cox v. State</u>, 706 N.E.2d 547, 549 (Ind. 1999). This is because of the similarities between the two. <u>Id.</u> A defendant is not entitled to serve her sentence on probation or in a community corrections program; that placement is a "matter grace" and a "conditional liberty that is a favor, not a right." <u>Id.</u> (quoting <u>Million v. State</u>, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995)).

The decision to revoke probation or placement in a community corrections program is within the sole discretion of the trial court. <u>Woods v. State</u>, 892 N.E.2d 637, 639 (Ind. 2008). We will review that decision for an abuse of discretion. <u>Id.</u> We consider the evidence only most favorable to the judgment and do not reweigh the

3

evidence or judge the credibility of witnesses.  Id.  We will affirm if there is substantial evidence of probative value to support the trial court's decision that the defendant has violated the program's terms.  Id. at 639-40.  While these proceedings are not the equivalent to an adversarial criminal proceeding, there are still due process rights, including:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey v. Brewer, 408 U.S. 471, 489 (1972).

## II. Probation Revocation

Young argues the judge[1] did not advise her of the right to present evidence and witnesses at the hearing, and therefore, she was denied procedural due process.[2]

Probation revocation is a two-step process.  Sparks v. State, 983 N.E.2d 221, 224 (Ind. Ct. App. 2013).  First the court makes a factual determination that a probation condition has been violated.  Id.  Second, if the violation is proven, the trial court determines whether the violation warrants revocation of the probation.  Id.  Indiana has codified the due process requirements of Morrissey in Indiana Code section 35-38-2-3.

---

[1] The State argues we should assume Young's attorney advised her of this right in discussing whether to admit the violations.  We will not speculate as to discussions between Young and her counsel that are not contained in the record.

[2] Young argues the same protections afforded to a defendant who pleads guilty under Indiana Code section 35-35-1-2 should apply to probation revocation hearings as part of the minimum requirements of procedural due process, but points us to no authority to support this position. We decline to do so.

4

Parker v. State, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). When a probationer admits the violations, she is no longer is entitled to the procedural safeguards during a revocation proceeding, and an evidentiary hearing is unnecessary. Woods, 892 N.E.2d at 640. The court may then skip to the second step to determine if revocation is warranted. Id. "In making the determination of whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains and mitigates her violation." Sanders v. State, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), trans. denied.

Young admitted all four violations of the Program as alleged. Because she admitted the violations, she was no longer entitled to the procedural safeguards under Morrissey. Woods, 892 N.E.2d at 640. This includes the right to present evidence and witnesses at an evidentiary hearing. After Young admitted the violations, the court properly skipped ahead to step two in the probation revocation procedure to determine if a revocation was warranted. The court also properly allowed Young to present arguments and evidence at the hearing that explains and mitigates her violation, and she actually did present an argument for leniency.

Young makes no argument that she would actually have produced witnesses or evidence at the hearing or that understanding she had the right to present witnesses and evidence would have changed her decision to admit to the violations; further, she does not give any indication of what evidence she would have presented or how it would have varied from the arguments made on her behalf at the dispositional hearing. The trial court followed proper procedure and did not deny Young due process.

## Conclusion

Concluding Young was not denied due process during the revocation proceedings, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.