**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 09 2014, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER DeMOSS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A05-1408-CR-235 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-0601-FA-337

**December 9, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Christopher DeMoss (DeMoss), appeals the trial court's revocation of his probation.

We affirm.

## ISSUE

DeMoss raises one issue on appeal, which we restate as follows: Whether fundamental error occurred when the trial court revoked DeMoss' probation on the basis of hearsay evidence.

## FACTS AND PROCEDURAL HISTORY

On September 5, 2006, DeMoss entered into a plea agreement with the State, pleading guilty to two Counts of Class B felony dealing in methamphetamine, one Count of Class D felony dealing in marijuana, and one Count of Class D felony possession of a controlled substance. On October 30, 2006, pursuant to the terms of the plea agreement, the trial court sentenced DeMoss to an aggregate term of twelve years, with four years suspended to probation.

On June 27, 2012, DeMoss was advised of and signed the terms of his probation. Thereafter, on October 24, 2012, the trial court granted DeMoss' request to transfer his probation from Vigo County to Pike County. In February 2013, DeMoss admitted to violating his terms of probation by testing positive for methamphetamine and served a thirty-day sentence. In July 2013, the State file a second notice of probation violation after DeMoss was charged with two drug-related offenses.

2

On January 23, 2014, the Vigo County Probation Department filed a third notice of probation violation, arguing that DeMoss violated the terms of his probation by failing to report to the Pike County Probation Department for scheduled appointments on November 13, 2013 and January 22, 2014, and by failing to advise the Pike County Probation Department of his changed address and telephone number. On March 27, 2014, the trial court conducted an evidentiary hearing. During this hearing, DeMoss' Vigo County Probation Officer testified that his colleague with the Pike County Probation Department had sent him a report, alerting him of DeMoss' failure to report and update his contact information. Finding the evidence "reasonably reliable," the trial court concluded that DeMoss had violated the terms of his probation and sentenced him to serve three years of his previously suspended sentence. (Transcript p. 25).

DeMoss now appeals. Additional facts will be provided as necessary.

<u>DISCUSSION AND DECISION</u>

I. *Standard of Review*

Probation is a favor granted by the State and is not a right to which a criminal defendant is entitled. *Sparks v. State*, 983 N.E.2d 221, 224 (Ind. Ct. App. 2013). The decision to revoke probation lies within the sound discretion of the trial court. *Id*. Thus, a trial court's decision to revoke probation and its subsequent sentencing decision are reviewed for an abuse of discretion. *Id*. A probation revocation proceeding is in the nature of a civil proceeding, and, therefore, the alleged violation need be established only by a preponderance of the evidence. *Jenkins v. State*, 956 N.E.2d at 146, 148 (Ind. Ct. App. 2011), *trans. denied*. Violation of a single condition is sufficient to revoke

probation. *Id.* As with other sufficiency issues, we do not reweigh the evidence or judge the credibility of witnesses. *Id.* We look only to the evidence which supports the judgment and any reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value to support the trial court's decision that the probationer committed a violation, revocation of probation is appropriate. *Id.*

## II. *Analysis*

DeMoss contends that the trial court abused its discretion when it relied only on hearsay evidence, which it characterized as "reasonably reliable," to revoke his probation. (Tr. p. 25). Because the Rules of Evidence do not apply in probation revocation hearings, the general rule against hearsay is inapplicable. *See* Ind. Evidence R. 101(d)(2). Nevertheless, due process principles applicable in probation revocation hearings afford the probationer the right to confront and cross-examine adverse witnesses. *Figures v. State*, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). Yet because the due process right applicable in probation revocation hearings allows for procedures that are more flexible than in criminal prosecutions, the right to confrontation and cross-examination is narrower than in a criminal trial. *Id.* For these reasons, the general rule is that hearsay evidence may be admitted without violating a probationer's right to confrontation if the trial court finds the hearsay is substantially trustworthy. *Id.* Ideally, the trial court should explain on the record why the hearsay is substantially trustworthy or sufficiently reliable to be admissible. *Id.*

Regardless, a claim of error in the admission of evidence is generally not available for argument on appeal unless a specific objection to the evidence was made in a timely

4

manner during trial. Evid. R. 103(a). Failure to timely object, as here, results in waiver of the suppression claim. However, a claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that a fundamental error occurred. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010), *reh'g denied*. The fundamental error doctrine is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Id*. This exception is available only in egregious circumstances. *Id*.

In support of his argument, DeMoss refers this court to *Mateyko v. State*, 901 N.E.2d 554, 559 (Ind. Ct. App. 2009), *trans. denied*, in which we reversed a revocation of probation based on an erroneous admission of hearsay evidence. However, we find *Mateyko* readily distinguishable as the court relied on hearsay within hearsay within hearsay, a triple layer of hearsay, which is absent in the case at bar.

At the evidentiary hearing, Steven Bell (Bell), DeMoss' Vigo County Probation Officer, testified that he had been alerted by DeMoss' Pike County Probation Officer that he had missed two scheduled appointments and had failed to keep his information updated. Bell clarified that while he did not talk with the Pike County Probation Officer in person, he had received his written report. During his testimony, DeMoss informed the court that he had failed to attend the two scheduled appointments because he did not know he was supposed to report on those dates. The trial court deemed the testimony of the Vigo County Probation Officer "reasonably reliable" and revoked DeMoss' probation. (Tr. p. 25).

5

While we agree that the trial court applied a different standard than the requirement of substantial trustworthiness imposed by the supreme court, we find that Bell's testimony nonetheless fell within this ambit. *See Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). The information relied upon to revoke DeMoss' probation was a report conveyed from one probation officer to another concerning a mutual client. DeMoss did not establish that either probation officer had any reason or motive to fabricate the allegations or to be untruthful in the report and testimony. As such, the trial court did not abuse its discretion, let alone commit a fundamental error, in relying on the Probation Officer's hearsay testimony, which was substantially trustworthy, as a basis for revoking DeMoss' probation.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly revoked DeMoss' probation.

Affirmed.

BAKER, J. and VAIDIK, J. concur