## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2015, 8:24 am

CLERK
of the supreme court,
court of appeals and
tax court

---

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| David W. Stone, IV<br>Anderson, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Douglas Allen Bergfeld,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 10, 2015

Court of Appeals Case No.
48A02-1503-CR-157

Appeal from the Madison Circuit Court

The Honorable Jason Childers, Judge Pro Tem

Trial Court Cause No.
48C01-1303-FD-635 & 48C01-1309-FD-1733

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Douglas Bergfeld (Bergfeld), appeals the revocation of his probation and the imposition of his previously suspended sentences.

We affirm.

## ISSUE

Bergfeld raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion by ordering Bergfeld to serve his previously suspended sentence after he violated the terms of his probation.

## FACTS AND PROCEDURAL HISTORY

On March 24, 2013, Bergfeld was charged under Cause Number 48C01-1303-FD-635 (Cause FD-635) with Count I, operating a motor vehicle while intoxicated, a Class A misdemeanor, Ind. Code § 9-30-5-2(b) (2013); and Count II, operating a motor vehicle while intoxicated with a prior conviction, a Class D felony, I.C. § 9-30-5-3 (2013). On September 13, 2013, Bergfeld was charged under Cause Number 48C01-1309-FD-1733 (Cause FD-1733) with theft, a Class D felony, I.C. § 34-43-4-2 (2013). On May 13, 2012, Cause FD-635 and Cause FD-1733 were joined for the purposes of a plea agreement. On the same day, Bergfeld entered a guilty plea to Class D felony operating a vehicle while intoxicated with a prior conviction in Cause FD-635, and to Class D felony theft in Cause FD-1733. On June 9, 2014, pursuant to the plea agreement, in Cause FD-635, the trial court sentenced Bergfeld to the Department of Correction (DOC), for thirty months, with twenty-four months in home

detention and six months suspended to supervised probation. In Cause FD-1733, the trial court sentenced Bergfeld to thirty months, with twelve months in home detention and eighteen months suspended to supervised probation. The sentences were to be served consecutively.

[5] On August 1, 2014, the Office of Madison County Home Detention filed a probation violation in both Causes, stating that Bergfeld committed a battery and had tested positive for alcohol on July 28, 2014, and on July 29, 2014. On August 5, 2014, that probation violation was amended to further state that on July 31, 2014, and on August 1, 2014, Bergfeld tested positive for alcohol with a BAC of .042% and .064%, respectively. On September 8, 2014, the trial court determined that Bergfeld had violated the terms of his probation and sanctioned him by placing him on Sobrietor, an alcohol monitoring device. On February 3, 2015, another probation violation was filed claiming that Bergfeld's Sobrietor test results yielded positive alcohol readings on January 4, 2015, and January 14, 2015. A urine test that was also conducted on January 14, 2015, tested positive for alcohol. In addition, the probation violation stated that on January 14, 2015, Bergfeld had submitted diluted urine for a drug screen, and on January 31, 2015, Bergfeld had committed three new offenses—manufacturing methamphetamine, maintaining a common nuisance, and possessing chemical reagents or precursors.

[6] At a revocation hearing held on March 2, 2015, when explaining why he had tested positive for alcohol in January 2015, Bergfeld stated that he was sick with a cold and was taking "Nyquil and some kind of cough syrup." (Transcript p.

7).  Bergfeld denied adulterating his urine for the alcohol screen or committing the new offenses.

[7]     The State presented evidence of Bergfeld's failed Sobrietor test results, as well as the laboratory analysis establishing alcohol in Bergfeld's urine.  With respect to the alleged new offenses, the State presented evidence that in the early morning hours of January 31, 2015, Bergfeld's son contacted the Anderson Police Department reporting that Bergfeld had requested that he buy ephedrine, which is used in the manufacturing of methamphetamine.  Officer Daron Granger (Officer Granger) and another officer were sent to Bergfeld's home at 703 Ruddle Avenue in Anderson, Indiana.  Officer Granger testified that upon entering Bergfeld's home, he noticed a strong chemical odor associated with the manufacturing of methamphetamine.  There was an unidentified female and another man, referred to as B.J., present in the home.  Officer Granger stated that he established that Bergfeld and B.J. were the residents.  Bergfeld occupied one bedroom, while B.J. occupied the middle bedroom.  There was a third bedroom, but it remained unoccupied.  Officer Granger indicated that the living room, kitchen, and bathrooms were common areas.

[8]     A further search revealed remnants of a meth lab in the bathroom and in the back of the house.  A subsequent search by the Madison County Drug Task Force led to the recovery of items associated with the manufacturing of methamphetamine in the access panel for the bathroom plumbing pipes.  Officer Granger testified that Bergfeld had at first denied the operation of a meth lab but later admitted that he was aware of it; however, Bergfeld denied

any involvement in the manufacturing of methamphetamine. At the conclusion of the hearing, the trial court found that Bergfeld had violated his probation for testing positive for alcohol on January 4 and January 14, 2015, and for committing new criminal offenses on January 31, 2015. Accordingly, the trial court revoked Bergfeld's supervised probation both in Cause FD-635 and FD-1733. For Cause FD-635, the trial court ordered Bergfeld to serve the remainder of his 910 days in Madison County Work Release. With respect to Cause FD-1733, the trial court ordered Bergfeld to serve the rest of his 910 days in the DOC. Bergfeld's sentences were to be served consecutively.

[9] Bergfeld now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[10] Bergfeld claims that the trial court abused its discretion by revoking his probation. It is well established that probation is a favor granted by the State and is not a right to which a criminal defendant is entitled. *Sparks v. State*, 983 N.E.2d 221, 224 (Ind. Ct. App. 2013). The decision to revoke probation lies within the sound discretion of the trial court. *Id*. Thus, a trial court's decision to revoke probation and its subsequent sentencing decision are reviewed for an abuse of discretion. *Id*.

[11] Once a trial court has concluded that probation has been violated, it may continue the defendant on probation, extend the probationary period for not more than one year beyond the original period, or order all or part of the previously-suspended sentence to be executed. Ind. Code § 35-38-2-3 (2014).

[12] Bergfeld alleges that the positive alcohol results were based on his use of cold medicine. Even accepting Bergfeld's explanation, we remain disinclined to accept his argument. We note that there are other cold medicines on the market that do not contain alcohol, and his attempt to fabricate an explanation for his consumption of alcohol through Nyquil or other cold medicines suggests a consciousness of guilt and an attempt to conceal the prohibited behavior. The terms of Bergfeld's probation overtly required him not to "consume alcohol . . . of any type." (Appellant's App. p. 120). On January 4, 2015, and January 14, 2015, Bergfeld's Sobrietor tests produced positive alcohol readings. In addition, Bergfeld's urine submitted on January 14, 2015, yielded a positive alcohol reading. The affidavit sworn by the toxicologist stated that "Bergfeld would have had to use [] or ingest a substance containing ethyl alcohol sometime in the five days prior to the urine collection." (State's Exh. 1).

[13] With regards to Bergfeld's new methamphetamine related offenses, Bergfeld argues that two other people lived in his house, and the State had failed to present evidence that he constructively possessed the meth apparatus or precursors recovered in his home. We disagree. In order to prove constructive possession, the State must prove the defendant had the intent and capability to maintain dominion and control over the contraband. *Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind. 1997), *modified on reh'g on other grounds*, 685 N.E.2d 698 (Ind. 1997). To prove intent to maintain dominion and control, there must be additional circumstances supporting the inference of intent. *Id*. Proximity to contraband in plain view is one such circumstance. *Id*. Constructive possession

may also be proven by a defendant's incriminating statements, attempted flight or furtive gestures, or the comingling of contraband with other items the defendant owns. *Henderson v. State*, 715 N.E.2d 833, 835-36 (Ind. 1999).

[14] When the officers arrived at Bergfeld's residence, they noticed a strong chemical odor associated with the manufacturing of methamphetamine. The record shows that Bergfeld occupied one room, whereas B.J. occupied another. One of the bedrooms remained unoccupied. The search revealed items associated with the manufacturing of meth in the back of the residence, and that part was accessible only from the unused bedroom which was connected to B.J.'s bedroom. Even assuming that Bergfeld did not have access to the back of the residence, a further search revealed precursors in a crawlspace next to the bathroom, and trash indicating the presence of a meth lab. The bathroom was a common area, and nothing suggests that Bergfeld did not have access to the precursors. Moreover, Bergfeld's knowledge that his house was being used as a meth lab, coupled with the fact that his son suspected and reported to law enforcement that he was manufacturing methamphetamine, supports the inference that some—if not all—of the precursors found at his residence constructively belonged to him.

[15] Lastly, we recognized the trial court's leniency in this matter. After Bergfeld tested positive for alcohol in 2014, the trial court placed him on an alcohol monitoring device. Despite the trial court's mercy, Bergfeld violated his probation again by testing positive for alcohol in January 2015, and for committing new offenses. The foregoing facts demonstrate Bergfeld's disregard

for court orders and the probation system. Accordingly, we affirm the trial court's order revoking Bergfeld's probation.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in revoking Bergfeld's probation.

Affirmed.

Brown, J. and Altice, J. concur