## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 22 2015, 10:10 am
CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Violet E. Tunstall,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 22, 2015

Court of Appeals Case No.
15A01-1506-CR-675
Appeal from the Dearborn Circuit
Court.
The Honorable Kimberly A.
Schmaltz, Magistrate.
Cause No. 15C01-0308-FA-9

**Barteau, Senior Judge**

## Statement of the Case

[1]    Violet E. Tunstall appeals the sentence imposed upon her after revoking her probation. We affirm.

# Issue

The sole issue Tunstall presents for our review is whether the trial court abused its discretion by ordering her to serve eight years executed, the remainder of her previously-suspended sentence.

# Facts and Procedural History

On August 21, 2003, Tunstall was charged with dealing in cocaine as a Class A felony and maintaining a common nuisance as a Class D felony. The State later alleged that Tunstall was an habitual offender. On July 2, 2004, Tunstall pleaded guilty to dealing in cocaine as a Class B felony in exchange for the dismissal of the remaining allegations against her. Pursuant to the terms of the plea agreement, she agreed to a twenty-year sentence with fourteen years suspended to probation and was sentenced in accordance with the terms of the plea agreement.

Tunstall was released from prison on January 11, 2006 and began her probation. On May 11, 2006, however, the State filed a request for a probation violation hearing, alleging that Tunstall had violated the conditions of her probation by failing a drug screen which showed that she had used cocaine. On August 15, 2006, Tunstall admitted the allegations and the trial court revoked two years of her previously-suspended sentence.

A second request for a probation violation hearing was filed on March 19, 2012, alleging that Tunstall had violated the conditions of her probation by operating a vehicle while intoxicated, a Class A misdemeanor offense, resisting law

enforcement, as a Class A misdemeanor offense, and consuming alcohol. Tunstall admitted the allegations and the court revoked four years of the remaining previously-suspended sentence.

[6] On March 31, 2015, the State filed a third request for a probation violation hearing, alleging that during a drug screen Tunstall had tested positive for cocaine and heroin. On April 16, 2015, she admitted the violation. The trial court revoked her probation and ordered her to serve the remainder of her previously-suspended sentence, eight years. Tunstall now appeals.

## Discussion and Decision

[7] Tunstall argues that the trial court abused its discretion revoking her probation and imposing the sentence it did. We start by observing that probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Once a court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. *Id.* When a court finds that a person has violated a condition of probation, the court may: (1) continue the person on probation; (2) extend the probationary period for no more than one year beyond the original probationary period; or (3) order execution of all or part of the previously-suspended sentence. Ind. Code § 35-38-2-3(h) (2012). Accordingly, a court's sentencing decisions for a probation violation are reviewable under the abuse of discretion standard.

*Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[8] Here, Tunstall admitted her probation violation, thus an evidentiary hearing was not required. Ind. Code § 35-38-2-3(e) (2012). During the second step of the process—determining whether the violation warrants revocation—she was given the opportunity to provide evidence in mitigation of her violation in support of an appeal to the court that her violation did not warrant revocation. *See Sparks v. State*, 983 N.E.2d 221, 225 (Ind. Ct. App. 2013) (after admission, probationer must be given opportunity to submit mitigating evidence to argue against revocation).

[9] Tunstall argues that this was her first dirty screen since her most recent release from prison and that her relapse was the result of myriad family issues beyond her control. Tunstall and one of her daughters testified about the family's issues with sobriety and inability to lead law abiding lives. One of Tunstall's daughters had died from a drug overdose, one daughter was in prison, a son was on the lam after his bond was revoked, and another son was ostracized from the family due to the thefts he had perpetrated on them. The daughter who testified on behalf of Tunstall had only recently returned to Indiana from Florida with her young son in support of Tunstall.

[10] Be that as it may, when faced with the stress of the chaos within her family, Tunstall accepted her daughter-in-law's invitation to turn to drugs as a respite from the chaos. The probation violation that ensued was Tunstall's third since

her initial conviction for dealing in cocaine. Her first occurred within months after being released from prison, testing positive for cocaine. Her second violation resulted from her convictions of operating while intoxicated, registering 0.28 BAC, and resisting law enforcement. The violation at issue in this appeal involved Tunstall's consumption of cocaine and heroin. The cutoff for a positive result for opiates is 5,000. Tunstall's test result was 67,000.

Tunstall had been given the opportunity to lead a law abiding life. She has a criminal history including eight Class B felony convictions. When given the opportunity to reform herself through periods of probation, she repeatedly returned to criminal activity. The consequence for her two previous revocations included periods of incarceration, first two years, then four years. Nevertheless, Tunstall violated her probation a third time. Because the trial court's decision is not clearly against the logic and effect of the facts and circumstances, we find no abuse of discretion here.

# Conclusion

In light of the foregoing, we affirm the decision of the trial court.

Affirmed.

Barnes, J., and Bailey, J., concur.