## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 02 2016, 8:31 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Johnnie A. Winners,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 2, 2016

Court of Appeals Case No.
02A05-1505-CR-335

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

The Honorable Samuel R. Keirns, Magistrate

Trial Court Cause No.
02D04-0709-FC-226

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Johnnie A. Winners (Winners), appeals the imposition of his previously suspended sentence after the trial court revoked his probation.

[2] We affirm.

## ISSUE

[3] Winners raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion by ordering Winners to serve his previously suspended sentence after he violated the terms of his probation.

## FACTS AND PROCEDURAL HISTORY

[4] On January 11, 2008, Winners pled guilty to Count I, forgery, a Class C felony and Count II, theft, a Class D felony. On Count I, Winners was sentenced to six years at the Department of Correction (DOC), with four years executed and the remaining two years suspended to probation. As for Count II, Winners was sentenced to two and one-half years executed. Winners' sentences were to run concurrently. The trial court's order of probation issued on the same day explicitly required Winners to behave well and to refrain from possessing weapons or firearms as the terms and conditions of his probation.

[5] On October 24, 2011, a Verified Petition for Revocation of Probation was filed as a result of Winners' termination "from the ReEntry Court Program in consecutive cause number 02D04-0712-FC-309." (Appellant's App. p. 14).

After a probation violation hearing on December 20, 2011, Winners' probation was extended by two years.

[6] On February 5, 2015, Jemal Cooper (Cooper) was helping Winners' daughter, Jamie Winners (Jamie), to move her possessions out of her grandmother's house on New Heaven Avenue in Fort Wayne. Winners and his brother, Steven Winners (Steven), were also present. At some point, Jamie and Steven started arguing. The argument quickly escalated to the point where Steven grabbed Jamie by the neck and started choking her. Cooper attempted to pull Steven off of Jamie, and Steven punched Cooper. Steven then called Winners for help, who also punched Cooper. Cooper and Jamie ran out the door. Steven urged Winners to kill Cooper. Winners retrieved a shotgun, came out of the house, and aimed the shotgun directly at Cooper. Cooper and Jamie fled to the neighbor's house and called the police.

[7] On February 6, 2015, the Allen County Adult Probation Department filed a Verified Petition for Revocation of Probation alleging that Winners violated his probation by committing battery and possessing a firearm. On April 9, 2015, the trial court held a probation revocation hearing and found that Winners had violated the terms and conditions of his probation. The trial court ordered Winners to serve two years of his previously suspended sentence in the DOC.

[8] Winners now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Winners claims that the trial court abused its discretion by revoking his probation. It is well established that probation is a favor granted by the State and is not a right to which a criminal defendant is entitled. *Sparks v. State*, 983 N.E.2d 221, 224 (Ind. Ct. App. 2013). The decision to revoke probation lies within the sound discretion of the trial court. *Id.* Thus, a trial court's decision to revoke probation and its subsequent sentencing decision are reviewed for an abuse of discretion. *Id.*

[10] Once a trial court has concluded that probation has been violated, it may continue the defendant on probation, extend the probationary period for not more than one year beyond the original period, or order all or part of the previously-suspended sentence to be executed. Ind. Code § 35-38-2-3 (2014).

[11] Winners alleges that the circumstances surrounding his present probation violation do not warrant the imposition of the entire balance of his previously-suspended sentence. Specifically, he argues that the incident occurred between the family members, he never discharged the firearm, and no one was injured. He claims that Cooper did not even feel any pain as a result of his strikes. Winners concludes that this incident was not the kind of incident that would warrant the "harshest punishment under Indiana law." (Appellant's Br. p. 5).

[12] We disagree. One of the conditions to Winners' probation was that he refrained from committing new offenses. In addition, Winners was prohibited from possessing a firearm. Winners signed the order of probation and was fully

aware of these basic rules. Winners should have followed them: he could have left the scene, or called the police, or even attempted to dissuade Steven from choking Jamie. Winners, however, did not do any of that. Instead, he willingly entered into a fight between Steven, who was battering Jamie, and Cooper, who was trying to stop the battery. He effectively assisted Steven by striking Cooper. When Cooper and Jamie fled from the house, Winners chose to arm himself with a shotgun, follow Cooper and Jamie out of the house, and aim the shotgun at Cooper. Winners' battery of Cooper and possession of a firearm violated the two basic rules of his probation.

[13] Moreover, this was not his first violation of probation. In 2011, Winners violated the terms and conditions of his probation in the current case by being terminated from the ReEntry Court Program. However, even then, his probation was not revoked; he was given leniency and was returned to probation with an extension of two years.

[14] As such, because probation is a matter of grace and the fact that Winners violated his probation twice, the trial court's decision to stop awarding favors to Winners in the light of his behavior is appropriate under the circumstances and well within the trial court's sound discretion.

## CONCLUSION

[15] Based on the foregoing, we conclude that the trial court did not abuse its discretion in revoking Winners' probation.

[16] Affirmed.

Najam, J. and May, J. concur