## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Douglas Blankenship,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 11, 2016

Court of Appeals Case No.
15A01-1508-CR-1158

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1304-FD-226

**Crone, Judge.**

## Case Summary

Douglas Blankenship appeals the trial court's revocation of his probation. The sole issue presented for our review is whether the trial court abused its discretion when it revoked Blankenship's probation and ordered him to serve the remainder of his entire suspended sentence. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

The State charged Blankenship with one count of class D felony theft and one count of class D felony receiving stolen property. In October 2013, Blankenship pled guilty to the theft charge in exchange for dismissal of the receiving stolen property charge. The trial court sentenced Blankenship to 1095 days in prison, with 915 days suspended to probation.

On October 8, 2014, the State filed an amended request for a probation violation hearing alleging that Blankenship violated his probation by failing two drug screens. During a revocation hearing held on October 15, 2014, Blankenship admitted to the probation violation and the trial court imposed 180 days of his previously suspended sentence. Then, on March 4, 2015, the State filed a second request for a probation violation hearing alleging that Blankenship had failed another drug screen and also was terminated from his court-ordered drug treatment program due to his failure to attend sessions. Blankenship admitted to the probation violations, and the trial court imposed

the remainder (735 days) of his previously suspended sentence. This appeal ensued.

## Discussion and Decision

[4] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). We review a trial court's decision to revoke probation for an abuse of discretion. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. We neither reweigh evidence nor reassess witness credibility, and we consider only the evidence favorable to the trial court's judgment. *Id*.

[5] A trial court's subsequent sentencing decisions following a revocation of probation are also reviewed for an abuse of discretion. *Sparks v. State,* 983 N.E.2d 221, 224 (Ind. Ct. App. 2013). Once the court has concluded that probation has been violated, it may continue the defendant on probation, extend the probationary period for not more than one year beyond the original period, or order all or part of the previously suspended sentence to be executed. Ind. Code § 35-38-2-3(h)(3). Where a trial court has exercised its grace in granting a defendant probation rather than incarceration, it has considerable

leeway in deciding how to proceed when the defendant then violates the conditions of his probation. *Prewitt*, 878 N.E.2d at 188.

[6] Blankenship contends that the imposition of his entire suspended sentence was unwarranted because he "presented himself to the court as a drug addict eager to treat his problem." Appellant's Br. at 8. Blankenship directs us to his self-serving testimony during the second revocation hearing in which he claims that he is ready, able, and willing to participate in treatment to combat his addiction. However, Blankenship's behavior belies his claim, and it is the trial court's prerogative, not ours, to assess his credibility on this issue. This was Blankenship's second probation violation in this cause, and the trial court had ample basis for determining that imposition of the entire suspended sentence was proper since its prior attempt at a lesser sanction had proven wholly unsuccessful. The object of probationary terms and conditions is to ensure that probation serves as a period of genuine rehabilitation. If a probationer repeatedly violates probation terms, as is the case with Blankenship, the very purpose of probation is defeated. Under the circumstances, we cannot say that the trial court abused its discretion in revoking Blankenship's probation and ordering him to serve his entire suspended sentence.

[7] Affirmed.

Vaidik, C.J., and Bailey, J., concur.