# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 31 2017, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher L. Richards, *Appellant-Defendant,* | May 31, 2017 |
| | Court of Appeals Case No. 84A04-1611-CR-2660 |
| v. | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable John T. Roach, Judge |
| | Trial Court Cause No. 84D01-1011-FA-3721 |

**Barnes, Judge.**

## Case Summary

Christopher Richards appeals the trial court's decision to revoke his probation and impose the remainder of his previously-suspended sentence. We affirm.

## Issues

The issue before us is whether the trial court abused its discretion when it revoked probation and ordered Richards to serve the entirety of his suspended sentence in prison.

## Facts

In 2010, the State charged Richards with dealing in methamphetamine, a Class A felony. Pursuant to a written plea agreement, in 2011, Richards pled guilty to the lesser-included offense of dealing in methamphetamine, a Class B felony. On October 21, 2011, the trial court sentenced Richards to ten years: six years executed in the Indiana Department of Correction, two years served as a direct commitment to work release, and two years suspended to probation.

Richards began probation on April 21, 2015. As a condition of probation, Richards was not allowed to possess or use any controlled substances, unless prescribed by a licensed medical practitioner. Richards's probation officer, Amber Loudermilk, filed a motion to modify the conditions of probation on February 3, 2016, requesting that Richards complete alcohol and drug counseling/treatment through Choices Consulting Center. The trial court granted this request.

[5]     The State filed a notice of probation violation on April 8, 2016, alleging that Richards tested positive for methamphetamines and amphetamines on twenty-two separate occasions. During the revocation hearing, on October 18, 2016, Richards admitted he violated the terms of probation by testing positive for methamphetamine on all of the occasions alleged in the petition to revoke his probation. The trial court accepted his admission and found that Richards violated the terms of his probation.

[6]     At sentencing, the trial court heard testimony from Loudermilk, who testified that she attempted to have Richards arrested in April of 2016. However, Richards fled her office upon seeing her. Richards was not apprehended until September of the same year. Richards testified that he was living with his mother and working part time when he was arrested in September. Richards stated that his mother was sick, and during his stay, he helped her administer diabetes treatments and helped his mother with expenses. Richards stated that he was clean for about two-and-a-half weeks prior to his arrest and had been attending Narcotics Anonymous meetings when he had time. After the close of evidence and argument, the trial court revoked probation and imposed the remainder of his previously-suspended two-year sentence.

## Analysis

[7]     Richards contends that the trial court abused its discretion when it revoked his probation and ordered that he serve the remainder of his previously-suspended two-year sentence in prison.

[8] Indiana Code Section 35-38-2-3(h)(3) provides that, after revoking probation, the trial court may "order execution of all or part of the sentence that was suspended at the time of initial sentencing." Probation is a favor granted by the State, not a right to which a defendant is entitled. *Sparks v. State,* 983 N.E.2d 221, 224 (Ind. Ct. App. 2013). The decision to revoke probation lies within the sound discretion of the trial court. *Id.* "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). We therefore review revocation of probation and the subsequent sentencing decision for abuse of discretion. *Sparks,* 983 N.E.2d at 224. "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Heaton v. State,* 984 N.E.2d 614, 616 (Ind. 2013).

[9] Probation revocation is a two-step process. *Sparks,* 983 N.E.2d at 224 (citing *Woods v. State,* 892 N.E.2d 637, 640 (Ind. 2008)). First, the court must make a factual determination that a violation of a condition of probation occurred. *Id.* Second, if a violation is found, the trial court must determine whether the violation warrants revocation of probation. *Id.* If the probationer admits to violating probation, the court only needs to determine whether the violation warrants revocation; however, the probationer must be given an opportunity to provide mitigating evidence suggesting that the violation does not warrant revocation. *Id.* If the trial court's finding of a violation is supported by

substantial evidence of probative value, then we will affirm the revocation of probation. *Pierce v. State,* 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[10] A trial court is not required to issue a detailed sentencing statement when reinstating a portion of an already imposed sentence. *Berry v. State,* 904 N.E.2d 365, 366 (Ind. Ct. App. 2009). Also, the trial court need not issue a written statement indicating that it considered alternatives to incarceration. *Castillo v. State,* 67 N.E.3d 661, 665 (Ind. Ct. App. 2017) *trans. denied.* There is no due process requirement that a statement of reasons for sanctions imposed, following revocation of probation, be provided. *Id.*

[11] Richards contends that the trial court should have placed him in a less restrictive environment, but there is no requirement that the trial court consider alternatives. Richards admitted to repeatedly relapsing and has been placed in various drug treatment programs. He also attempted to avoid arrest for several months. The trial court stated that it had run out of options and that, at the very least, Richards would be given the opportunity to reflect on his addiction while serving the remainder of his sentence in prison. Richards does not argue that the trial court was required to state specific reasons for imposing the sanction. He only contends that his incarceration would result in "significant hardship to his mother, who had no one else to care for her." Appellants Br. p. 7. The trial court, however, acknowledged his mother's condition and concluded that his continued use of methamphetamines does not benefit her.

[12] After arguments and evidence had been presented, the trial court ordered what it believed would be the appropriate sanction given the circumstances. We cannot say that the trial court abused its discretion when it ordered the remainder of Richards's two-year sentence to be served in prison.

## Conclusion

[13] The trial court did not abuse its discretion by imposing the remainder of a previously-suspended sentence to be served in prison, instead of a less restrictive environment. We affirm.

Affirmed.


Baker, J., and Crone, J., concur.