## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 20 2017, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brock J. Mathews, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 20, 2017 <br><br> Court of Appeals Case No. <br> 84A01-1701-CR-69 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable John T. Roach, Judge <br><br> Trial Court Cause No. <br> 84D01-1507-F5-1561 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Brock J. Mathews (Mathews), appeals the trial court's imposition of his previously suspended sentence following a revocation of his probation.

We affirm.

## ISSUE

Mathews raises one issue for our review, which we restate as: Whether the trial court abused its discretion by ordering Mathews to serve his previously suspended sentence following a revocation of his probation.

## FACTS AND PROCEDURAL HISTORY

On July 8, 2015, the State filed an Information charging Mathews with carrying a handgun without a license, a Level 5 felony; theft of a firearm, a Level 6 felony; resisting law enforcement, a Level 6 felony; and carrying a handgun without a license, a Class A misdemeanor. On September 2, 2015, Mathews was evaluated and accepted for the Jail Linkage program, which he completed on October 21, 2015. On November 25, 2015, Mathews commenced pre-trial work release.

On December 16, 2015, Mathews pled guilty to Level 6 felony carrying a handgun without a license, in exchange for a five-year sentence with three years to be served on work release and two years suspended to probation. On

January 19, 2016, the trial court imposed the sentence as agreed upon in the plea agreement.

[6] On March 14, 2016, the State filed a petition to revoke direct placement in the work release program and/or to revoke probation alleging that Mathews went to work on March 3, 2016, at 3:00 a.m. and was to return at 3:00 p.m. However, he failed to return to his placement. On December 14, 2016, the trial court conducted a hearing on the State's petition. During the hearing, Mathews admitted to having violated his direct placement and probation. He testified that he panicked and left his placement after self-medicating with methamphetamine to control the panic attacks he suffered after his step-mother had been murdered. In addition to this violation, Mathews had also committed two new offenses: resisting law enforcement and battery while on direct placement. After receiving testimony, the trial court took the matter under advisement, indicating that it wanted to consult with the addictions counselor of the Jail Linkage Program to see if the program would serve any further purpose given Mathews had already completed it.

[7] On December 21, 2016, the trial court ordered Mathews to serve the previously suspended term in the Department of Correction (DOC). Specifically, the trial court ruled:

> I'm going to order you into the DOC for the balance of your sentence. I am going to order you into CLIFF and I am going to indicate that this is a mental health placement so that you can receive both. Once you successfully complete, I will entertain a motion to modify you out, either to probation, community

corrections, some kind of modification out, so give you the last best chance to get a handle on this.

(Transcript Vol. IV, p. 8).

Mathews now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "The trial court determined the conditions of probation and may revoke probation if the conditions are violated." *Id*. If the court finds that the person has violated a condition at any time before termination of the probation period, and the petition to revoke is filed within the probationary period, the court may impose one or more sanctions, including ordering execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h). A trial court's discretion for imposing sanctions for probation violations is reviewable using the abuse of discretion standard. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt*, 878 N.E.2d at 188. For purposes of our review, the revocation of a community corrections placement is treated the same as the revocation of probation. *Johnson v. State*, 62 N.E.3d 1224, 1229 (Ind. Ct. App. 2016).

[10] Probation revocation is a two-step process. *Sparks v. State*, 983 N.E.2d 221, 224 (Ind. Ct. App. 2013). First, the court must make a factual determination that a violation of a condition occurred. *Id*. Second, if a violation is found, the trial court must determine whether the violation warrants revocation of the probation. *Id*. If the probationer admits to violating probation, like here, the court only needs to determine whether the violation warrants revocation; however, the probationer must be given an opportunity to provide mitigating evidence suggesting that the violation does not warrant revocation. *Id*. If the trial court's finding of a violation is supported by substantial evidence of probative value, then we will affirm the revocation of probation. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). A single violation of probation is sufficient to permit the trial court to revoke probation. *Id*.

[11] Mathews now contends that the trial court abused its discretion when it revoked his work release placement and imposed his entire previously suspended sentence after he admitted to the probation violation. Specifically, Mathews maintains that the trial court should have placed him in a treatment program for addiction and trauma-induced anxiety disorders.

[12] While Mathews argues for the placement of a community corrections program to receive treatment for his addictions, the trial court did consider his request and placed him in the purposeful incarceration CLIFF program as a mental health placement. Although Mathews admitted to only one violation of failing to return to his work release program, he had also committed two new offenses, *i.e.*, resisting law enforcement and battery. At the time the trial court ordered

Mathews to serve the previously suspended sentence, Mathews had only 788 days remaining on his sentence. Additionally, the trial court agreed on the record that once Mathews successfully completed the CLIFF program, it would modify him out of DOC to give him "the last best chance" to address his issues. (Tr. Vol. IV, p. 8).

[13] Accordingly, after arguments and evidence had been presented, the trial court ordered what it considered would be the appropriate sanction given the circumstances. We cannot say that the trial court abused its discretion when it ordered Mathews to serve the balance of his previously suspended sentence.

## CONCLUSION

[14] Based on the foregoing, we conclude that the trial court did not abuse its discretion by ordering Mathews to serve his previously suspended sentence following the revocation of his probation.

[15] Affirmed.

[16] Najam, J. and Bradford, J. concur