Jesse ECKES, Appellant (Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 49A02–9004–CR–230.

Court of Appeals of Indiana, Second District.

Nov. 14, 1990.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant-defendant Jesse Eckes (Eckes) appeals the revocation of his probation, claiming that the State failed to prove by a preponderance of the evidence that Eckes violated the terms of his probation.

We reverse.

## FACTS

The facts supporting the revocation show that on March 29, 1989, Eckes pled guilty to arson as a class B felony. The trial court placed Eckes on probation subject to certain conditions, including the requirement that he submit to in-patient alcohol and drug treatment at the New Directions Treatment Center and obey all local, State, and federal laws.

Subsequently, on July 21, 1989, the State filed an emergency motion to revoke probation alleging Eckes had escaped from the New Direction Program and burglarized a home. The court ordered Eckes rearrested and set a date for a hearing on the revocation of his probation.

Prior to the hearing, and in a separate proceeding before the same judge, Eckes pled guilty to the burglary charge arising from the incident previously cited. The court later granted the State's motion to consolidate the sentencing hearing for the burglary charge and the probation revocation hearing.

The combined hearing was held on July 7, 1989. Following the hearing, the court determined Eckes had violated his probation and gave him a nine-year sentence.[1] Eckes now appeals the court's order revoking his probation.

## ISSUE

Although Eckes states the issue in terms of whether the State met its burden of proving a violation of the terms of his probation, the issue is more properly stated as:

Did the trial court conduct the type of probation revocation hearing required by federal and Indiana law (Ind.Code 35–38–2–3) (1988) to afford Eckes his due process rights?

## DECISION

PARTIES' CONTENTIONS—Eckes claims that the court erred by failing to conduct a hearing concerning the alleged violation of the terms of his probation in which the State proved the violation by a preponderance of the evidence. The State replies that there was sufficient evidence introduced at the hearing to revoke Eckes' probation.

CONCLUSION—The court erred by not conducting an evidentiary hearing, required by law, before determining Eckes had violated the terms of his probation.

The legislature has provided us with the procedure that must be followed in order to revoke probation. IC 35–38–2–3[2] is quite specific:

"(c) The court shall conduct a hearing concerning the alleged violation....

.     .     .     .     .

(d) The State must prove the violation by a preponderance of the evidence. The evidence shall be presented in an open court. The person is entitled to confrontation, cross-examination, and representation by counsel."

This language clearly requires that an evidentiary hearing be conducted prior to

---

1. It is not entirely clear whether the nine-year sentence was a result of the revocation of Eckes' probation for arson, or whether the sentence was imposed for the burglary conviction. As we are remanding this case, the trial court will be afforded the opportunity to clarify the sentence.

2. IC 35–38–2–3 was amended by Pub.L. No. 67–1990, which reordered and redesignated certain subsections and added a new subsection (h). The text of the cited subsections remains the same but now appear as subsections (d) and (e).

the revocation of probation. *Dalton v. State* (1990), Ind.App., 560 N.E.2d 558. Also, the United States Supreme Court has determined that because a revocation of probation results in a loss of liberty, the probationer must be given certain due process rights before his probation may be revoked. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. In *Gagnon,* it was held that a probationer is entitled to the same due process rights as a parolee, which rights were enunciated by the Court in *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, as including:

> "(a) written notice of the claimed violations of parole;
>
> (b) disclosure to the parolee of evidence against him;
>
> (c) opportunity to be heard in person and to present witnesses and documentary evidence;   .
>
> (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
>
> (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
>
> (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole."

*Id.* at 489, 92 S.Ct. at 2593.

Unlike *Dalton,* there appears to be sufficient evidence in the record, Eckes' burglary conviction, to support the revocation of his probation. However, it is also apparent that the revocation hearing did not afford Eckes the due process protections required by statutory and constitutional law.

The court opened the revocation hearing with the following monologue:

> "THE COURT: Before you begin, the, the Court will take judicial notice of the fact that there has been a, a case that was brought and just concluded in this Court under Cause No. 9G06–8907–CF–081917, and that there has been a conviction in that matter by way of a plea agreement.[3]

[THE DEPUTY PROSECUTOR STARTS TO PRESENT THE STATE'S CASE BUT IS INTERRUPTED]

> THE COURT: I'm sorry, I didn't quite finish. And, thus, that the term of probation that says that you shall not be arrested for any other charge has been violated and, thus, this Court renders a decision that the violation has been, or the probation has been violated, and we are at this point, then, ready for disposition."

*Record* at 213–14.

At this point, the State began its case. There was no evidence introduced about the alleged violation. Rather the three witnesses called by the State simply testified that it was their recommendation that Eckes be required to serve the remainder of his arson sentence.

The procedure followed by the trial court in revoking Eckes' probation obviously failed to comply with the mandatory requirements of due process afforded probationers by both statutory and constitutional law. Before the State had introduced its first witness, the court had already adjudicated Eckes in violation of the terms of his probation. It was only then that a hearing ensued and that hearing concerned only the proper punishment for the violation. The court's failure to hold a proper evidentiary hearing constitutes fundamental error requiring us to reverse the trial court's judgment. *See Morrissey, supra; Gagnon, supra; Dalton, supra.*

Judgment reversed and remanded for proceedings consistent with this opinion.

MILLER, P.J., and SULLIVAN, J., concur.

---

**3.** Eckes did not offer an objection to the Court's taking judicial notice of his burglary conviction. Our supreme court has held that it is error for a court to take judicial notice of another court proceeding even when the record was produced in the same court and involved subject matter and parties related to the instant case. *Smith v. State* (1983), Ind., 443 N.E.2d 1187; *see also Freson v. Combs* (1982), Ind.App., 433 N.E.2d 55.