Robert BEELER, Appellant–
Respondent,

v.

STATE of Indiana, Appellee–Petitioner.

No. 49A05–1007–CR–456.

Court of Appeals of Indiana.

April 27, 2011.

Jane H. Conley, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant/Respondent Robert Beeler appeals from the revocation of the probation and criminal corrections placement imposed following his guilty pleas to Class B felony Robbery and Class D felony Criminal Confinement. We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 17, 2009, in Cause No. 49G05–0906–FB–057240 ("Cause 240"), Beeler pled guilty to Class B felony robbery and Class D felony criminal confinement. The trial court sentenced him to ten years of incarceration for robbery, with seven years suspended, one to probation, and 545 days, all executed, for criminal confinement, both sentences to be served concurrently. The executed portion of the sentence was to be served in Marion County Community Corrections Home Detention, followed by one year of probation. On February 26, 2010, the State filed a notice of violation of the terms of community corrections in Cause 240 because Beeler had been alleged to be a juvenile delinquent in Cause No. 49G01–1003–FC–021376 ("Cause 376") for committing what would be Class C felony intimidation, two counts of Class D felony intimidation, and a Class A misdemeanor battery if committed by an adult; failing to comply with rules of home detention; being disrespectful and uncooperative with community corrections staff; and failing to submit proper verification of his whereabouts when he was directed to search for employment.

On April 7, 2010, a notice of probation violation was filed in Cause 240, alleging failure to comply with terms of community corrections and that Beeler had been charged with three counts of intimidation and one count of battery in Cause 376, which by this time had been transferred to adult criminal court. On June 16, 2010, the trial court held a jury trial in Cause 376, and the hearing for the probation violation in Cause 240 was continued to June 29, 2010. On June 29, 2010, a consolidated probation revocation hearing for Cause 240 and sentencing for Cause 376 was conducted. According to an entry in the chronological case summary ("CCS") for Cause 240, Beeler admitted to all four counts under the notice of violation of community corrections and the two counts charged under the notice of violation of probation. The trial court found that Beeler had violated the terms of his community corrections placement and probation in Cause 240, and ordered him to execute six years of his previously suspended sentence.

## DISCUSSION AND DECISION

The grant of probation is a favor by the court, not a right. *Menifee v. State,* 600 N.E.2d 967, 969 (Ind.Ct.App.1992). We review the trial court's revocation for an abuse of discretion. *Sanders v. State,* 825 N.E.2d 952, 956 (Ind.Ct.App.2005), *trans. denied.* Probation revocation is accomplished by a two-step process. *Parker v. State,* 676 N.E.2d 1083, 1085 (Ind.Ct. App.1997). "First, the court must make a

factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Id.* (*citing Morrissey v. Brewer,* 408 U.S. 471, 479–80, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). When the probationer admits to the violation, the due process requirements codified in Indiana Code § 35–38–2–3, which requires an evidentiary hearing, and confrontation and cross-examination of the witnesses, are unnecessary. *Id.* When there is proof of a single violation of the conditions of probation, the court may revoke probation. *Bussberg v. State,* 827 N.E.2d 37, 44 (Ind.Ct.App.2005).

### Whether the State Produced Sufficient Evidence to Sustain the Trial Court's Revocation of Beeler's Probation

■■■ Beeler correctly notes that the trial court did not hold an evidentiary hearing on his notices of community corrections and probation violations. Beeler, however, did not object when the court revoked his community corrections placement and probation. Generally, an issue is waived for appeal if it is not objected to at trial. *Tillberry v. State,* 895 N.E.2d 411, 415 n. 1 (Ind.Ct.App.2008). However, if the court made a "fundamental error," meaning an error "so prejudicial to the rights of a defendant that a fair trial is rendered impossible," then the lack of objection does not waive the right on appeal. *Wilson v. State,* 931 N.E.2d 914, 919 (Ind. Ct.App.2010). The fundamental error rule "applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id.* Fundamental error requires that the Respondent show greater prejudice than ordinary

reversible error. *Id.* In a probation revocation proceeding, the court's failure to hold a proper evidentiary hearing constitutes fundamental error requiring us to reverse the trial court's judgment. *See, e.g., Eckes v. State,* 562 N.E.2d 443, 445 (Ind.Ct.App. 1990). When a probationer admits to the violations, however, an evidentiary hearing is not necessary. *See Parker v. State,* 676 N.E.2d 1083, 1085 (Ind.Ct.App.1997) ("When a probationer admits to the violations, the procedural safeguards of *Morrissey* and the evidentiary hearing are not necessary.").

■■■ The State acknowledges that the only indication in the record that Beeler admitted to violating the terms of his community corrections placement and probation is a Cause 240 CCS entry to that effect. The question, then, is whether this is sufficient to establish an admission. We conclude that it is.

> [I]t is well settled that the trial court speaks through its CCS or docket, *Young v. State,* 765 N.E.2d 673, 678 n. 6 (Ind.Ct.App.2002), and this court is limited in its authority to look behind the CCS to examine whether an event recorded therein actually occurred, *see Trojnar v. Trojnar,* 698 N.E.2d 301, 304 (Ind.1998) (in context of Trial Rule 72, "a proper Clerk's notation on the CCS will presumptively establish the fact that notice was mailed"); *Minnick v. Minnick,* 663 N.E.2d 1226, 1228 (Ind.Ct.App. 1996) ("A challenge to the mailing of notice is precluded when the docket clearly states that notice was mailed.").

*City of Indianapolis v. Hicks,* 932 N.E.2d 227, 233 (Ind.Ct.App.2010), *trans. denied.* "A court speaks through its order book entries, and such records import verity." *Crosby v. State,* 597 N.E.2d 984, 988 (Ind. Ct.App.1992) (citing *Epps v. State,* 244 Ind.

515, 525, 192 N.E.2d 459, 464 (1963)).[1] The CCS entry indicating that Beeler admitted to violating the terms of his community corrections placement and probation is therefore presumptively true. Beeler, however, argues only that the transcript does not indicate that he made the admission, not that the CCS entry is inaccurate, which is what he is required to establish. Under the binding authority of *Epps* and *Trojnar*, we accept the CCS entry indicating Beeler's admissions as true unless it is shown to be otherwise. Because the record indicates that Beeler admitted to violating the terms of his community corrections placement and probation, no evidentiary hearing was required.

The judgment of the trial court is affirmed.

KIRSCH, J., concurs.

CRONE, J., dissents with opinion.

CRONE, Judge, dissenting.

I respectfully dissent. It is well settled that "a person on probation is entitled to certain due process rights, including, among other rights, disclosure of the evidence against him." *Weatherly v. State*, 564 N.E.2d 350, 352 (Ind.Ct.App.1990). A probationer's due process rights are codified at Indiana Code Section 35-38-2-3, which provides in pertinent part that the trial court "shall conduct" a hearing concerning an alleged probation violation. Ind.Code § 35-38-2-3(d). The statute further provides that "[t]he state must prove the violation by a preponderance of the evidence. *The evidence shall be presented in open court.* The [probationer] is entitled to confrontation, cross-examination, and representation by counsel." Ind. Code § 35-38-2-3(e) (emphasis added).

No evidentiary hearing was held in this case. It is true, as the majority observes, that when a probationer admits to a probation violation, an evidentiary hearing is not necessary. *Vernon v. State*, 903 N.E.2d 533, 537 (Ind.Ct.App.2009), *trans. denied.* Here, however, the transcript before us does not contain such an admission. In fact, it does not contain even a single reference to such an admission. The State attempts to explain this away by saying that "[p]resumably, [Beeler's] admissions occurred off the record and no record was made concerning the admissions." Appellee's Br. at 3 n.7. The State candidly "acknowledges that it would be a better practice for the trial court to record a defendant's admissions on the record or to at least make a record of his admissions which occurred off-record" but goes on to argue that "this Court should be able to rely upon the trial court's assertions in its docket [i.e., the CCS] to establish the truth of events even where the transcript does not specifically verify them." *Id.* at 7.

Given the fundamental due process and liberty interests at stake, and given that the transcript actually contradicts the CCS's version of events, I disagree with the State's position. Likewise, I disagree with the majority's reliance on *Epps* and *Trojnar.* If Beeler admitted to a probation violation off the record—a fact that Beeler does not concede on appeal—it was incumbent upon the State to ensure that

1. It is worth noting that there is no indication in Indiana case law that this rule's application is limited to civil cases. Indeed, the routine use of docket entries to dispose of speedy trial cases by the Indiana Supreme Court and this court has never, to our knowledge, been questioned. *See, e.g., Epps,* 244 Ind. at 525, 192 N.E.2d at 464; *Crosby,* 597 N.E.2d at 988. In any event, it is well-settled that "[a] probation revocation hearing is in the nature of a civil action, and is not to be equated with an adversarial criminal proceeding." *Mathews v. State,* 907 N.E.2d 1079, 1081 (Ind.Ct.App.2009).

the admission was repeated on the record.[2] This it failed to do. In sum, I believe that Beeler has established fundamental error, and therefore I would reverse the revocation of his probation.

**2.** Because the State must prove a probation violation in open court, *see* Ind.Code § 35–38–2–3(e), it seems only logical that an admis-

sion to a probation violation must be made in open court.