**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 21 2014, 10:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Locke & Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KATHY JO HILL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 92A05-1308-CR-430 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITLEY SUPERIOR COURT
The Honorable James R. Heuer, Special Judge
Cause No. 92D01-1101-FC-22

**March 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Kathy Jo Hill appeals the trial court's order revoking her probation, contending that it was not supported by sufficient evidence.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 21, 2011, Hill pleaded guilty to one count of operating a vehicle following a lifetime suspension as an habitual traffic violator as a Class C felony, and one count of operating a vehicle while intoxicated as a Class A misdemeanor. The trial court sentenced Hill to an aggregate term of six years, with one year of incarceration, two years to be served on home detention, and the balance of the sentence to be suspended to probation. One of the terms of Hill's probation was that she not consume or possess alcohol. On September 17, 2012, Hill admitted to violating the terms of her home detention by consuming alcohol and executed the balance of her home detention term in the county jail.

In February and May of 2013, Hill tested positive for metabolites of alcohol. When confronted with the results of her first test, Hill denied consuming alcohol, but told her probation officer that her son and his girlfriend may have spiked her tea. On May 14, 2013, the probation department conducted a home visit and discovered a partially full bottle of whiskey on the floor of Hill's kitchen. They also discovered "empty beer cans set up in a beer pong type thing in one of the out-buildings." *Tr.* at 11. Hill's probation officer, Jessica Sims, collected a second urine sample from Hill that day. This sample also tested positive for alcohol metabolites ethyl glucuronide and ethyl sulfate. Once again, Hill denied consuming alcohol and claimed the bottle of whiskey belonged to a friend who was staying with her.

2

Sims testified that the testing laboratory informed her that the incidental use of products containing ethanol, such as mouth wash or cough medicine, may cause ethyl glucuronide levels of up to 500 ng/mL. The probation department, therefore, did not file petitions alleging the violation of probation based on results below that threshold. Both of Hill's tests revealed ethyl glucuronide levels of over 10,000 ng/mL.

At the conclusion of the hearing on the petitions alleging probation violations, the trial court found that Hill had violated her probation by consuming alcohol and revoked Hill's probation. The trial court entered an order that Hill serve the balance of her originally suspended sentence, or 1,095 days, on home detention. Hill now appeals.

## DISCUSSION AND DECISION

Hill claims that the trial court abused its discretion by finding that Hill violated the conditions of her probation because there was insufficient evidence to support the trial court's conclusion. We begin with the premise that "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "[C]ourts in probation revocation hearings may consider any relevant evidence bearing some substantial indicia of reliability." *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). It is within the discretion of the trial court to determine the conditions of a defendant's probation and to revoke probation if the conditions are violated. *Prewitt*, 878 N.E.2d at 188. In a sense, all probation requires "strict compliance" because probation is a matter of grace, and once the trial court extends this grace and sets its terms and conditions, the probationer is expected to comply with them strictly. *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008). If the probationer fails to do so, then a violation has

3

occurred. *Id.* But even in the face of a probation violation, the trial court may nonetheless exercise its discretion in deciding whether to revoke probation. *Id.* (citing *Clark Cnty. Council v. Donahue*, 873 N.E.2d 1038, 1039 (Ind. 2007) ("The probationary scheme is deliberately designed to give trial judges the flexibility to make quick, case-by-case determinations.")).

Violation determinations and sanctions are reviewed for abuse of discretion. *Woods*, 892 N.E.2d at 639. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law. *Prewitt*, 878 N.E.2d at 188. We consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Woods*, 892 N.E.2d at 639 (citing *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995)). If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation. *Id.* at 639-40.

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. *Beeler v. State*, 959 N.E.2d 828, 829-30 (Ind. Ct. App. 2011). Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation. *Id.* A probation revocation hearing is civil in nature, and the State's burden is to prove the alleged violations only by a preponderance of the evidence. *Figures v. State*, 920 N.E.2d 267, 272 (Ind. Ct. App. 2010). Violation of a single term or condition of probation is sufficient to revoke probation. *Washington v. State*, 758 N.E.2d 1014, 1017 (Ind. Ct. App. 2001). When

4

reviewing an appeal from the revocation of probation, the reviewing court considers only the evidence most favorable to the judgment, and does so without reweighing the evidence or reassessing the credibility of the witnesses. *Piper v. State*, 770 N.E.2d 880, 882 (Ind. Ct. App. 2002).

In this case, the evidence shows that Hill twice tested positive for high concentrations of two alcohol metabolites while she was on probation. Hill does not dispute that evidence, but claims that the results may have been the result of incidental contact with products containing alcohol. Hill contends that because the tests did not reveal the presence of alcohol (ethanol), there is insufficient evidence to support the revocation of her probation.

The evidence supporting the trial court's conclusion, however, reflects that accidental exposure to alcohol produces test results showing levels of ethyl glucuronide up to 500 ng/mL. Consequently, the probation department does not file petitions alleging probation violations for results below that threshold. There was no challenge at the hearing, nor is there one on appeal to the competency of the witness providing that evidence. Furthermore, both of Hill's tests revealed levels of ethyl glucuronide in excess of 10,000 ng/mL, levels that are twenty times the threshold for excluding accidental exposure to alcohol. That evidence was sufficient to permit the trial court to conclude that Hill's consumption of alcohol, and not some accidental exposure to alcohol, produced Hill's test results.

Hill asserts that the test results would more strongly support alcohol consumption had they also revealed the presence of ethanol. While this is true, that does not necessarily

5

lead to the conclusion that the presence of the metabolites alone is without probative value. Sims testified that alcohol metabolites may remain in the urine for up to 72 hours after consumption. Accordingly, it is reasonable to conclude that the metabolites may remain detectable after consumption even when the alcohol itself is not.

The two test results revealing the high concentrations of alcohol metabolites were sufficient to sustain the trial court's conclusion that Hill consumed alcohol in violation of the terms and conditions of her probation. That conclusion is also supported by evidence of the discovery of a partially consumed bottle of whiskey and empty beer containers in and around Hill's home on the date of the home visit. Although Hill and her friend claimed that the whiskey belonged to the friend, the trial court was not obligated to credit those claims, especially since the friend claimed ownership on the day of the home visit, but did not testify at the hearing. Hill denied consuming alcohol when confronted with the first positive test result and attempted to explain the results by speculating that her son may have spiked her drink. Hill's attempt to fabricate an explanation for her consumption of alcohol suggests a consciousness of guilt and an attempt to conceal the prohibited behavior. The totality of the evidence was sufficient for the trial court to conclude by a preponderance of the evidence that Hill consumed alcohol in violation of the terms of her probation.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.

6