## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 29 2015, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James T. Reese,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 29, 2015

Court of Appeals Cause No.
73A01-1408-CR-341

Appeal from the Shelby Superior
Court
The Honorable Jack A. Tandy,
Judge
Cause No. 73D01-1208-FC-43

**Crone, Judge.**

## Case Summary

James T. Reese appeals the trial court's order revoking his probation and remanding him to the Indiana Department of Correction ("DOC") for thirty of the thirty-six months of his suspended sentence stemming from his conviction

for class C felony intimidation. Finding that the trial court acted within its discretion, we affirm.

# Facts and Procedural History

In November 2012, Reese pled guilty to class C felony intimidation. The trial court sentenced him to five years, with two years executed and the remainder suspended to probation.

In August 2013, the State filed a petition to revoke Reese's probation, citing marijuana use, a failure to answer reasonable questions from his probation officer, and a failure to attend scheduled meetings with his probation officer. Reese admitted to the violations during a November 2013 revocation hearing. The trial court continued Reese's probation, subject to the additional conditions that he complete sixty hours of community service, obtain an ADA evaluation,[1] and comply with all recommendations.

In February 2014, the State filed a second probation revocation petition against Reese, alleging that he tested positive for methamphetamine ("meth"), was not forthright about his drug use, and failed to begin his community service hours.

---

[1] We note that the record does not specifically define the term "ADA."

Two months later, the State filed an addendum alleging that Reese had again tested positive for meth. At his July 2014 probation revocation hearing, Reese admitted to the violations contained in both the petition and the addendum. The trial court issued an order revoking his probation and remanding him to the DOC for thirty of the thirty-six months of his suspended sentence.

Reese now appeals. Additional facts will be presented as necessary.

## Discussion and Decision

Reese maintains that the trial court abused its discretion in ordering him to execute thirty months of his thirty-six-month suspended sentence after his second round of probation violations. Probation is a matter of grace left to the trial court's sound discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the probationer violates those conditions. *Id.* Proof of a single violation is sufficient to permit a trial court to revoke probation. *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*.

Probation revocation is a two-step process, wherein the trial court first makes a factual determination as to whether the probationer violated the terms of his probation. Then, if a violation is found, the court determines whether the violation warrants revocation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).

[8]     A trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion. *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*.

[9]     Here, Reese admitted to all the violations alleged in the State's second revocation petition and the addendum to it. These include using and consuming meth, providing untruthful information to his probation officer, and failing to perform or even begin his sixty hours of community service. The only allegation for which he offered any explanation was his community service, claiming that he lacked the funds necessary to pay the $100 fee.

[10]    Because Reese admitted to the violations, the trial court was left to determine which of the following actions to take: (1) continue Reese's probation, with or without modifying or enlarging the conditions; (2) extend his probationary period for not more than one year beyond the original probationary period; and/or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).

[11]    As noted, this is Reese's second probation revocation proceeding. During the hearing on the State's first petition, Reese admitted to the violations, and the trial court opted to continue his probation with enlarged conditions, including sixty hours of community service and an ADA evaluation. In the two and a half months that followed, Reese tested positive for meth and failed to perform or even begin performance of his court-ordered community service. He was

untruthful with his probation officer concerning his drug use and continued to use meth, even though the second petition to revoke his probation was already pending. Again, he admitted to the allegations, and this time, the trial court imposed a different option within the statutory framework – execution of most but not all of his suspended term. Ind. Code § 35-38-2-3(h)(3).

[12] In sum, the trial court granted Reese leniency when it continued his probation after his first round of violations. Instead of responding positively to the grace afforded him, Reese continued to engage in prohibited conduct (taking drugs) and neglected to engage in positive conduct (serving his community). He has an extensive adult and juvenile criminal record and has repeatedly demonstrated that he is unwilling to comply with the terms of his probation and with the law in general. Simply put, these patterns of conduct do not portend success for him outside the confines of the DOC. Based on the foregoing, we conclude that the trial court acted within its discretion in revoking Reese's probation and remanding him to the DOC for thirty months of his remaining term. Accordingly, we affirm.

[13] Affirmed.

Friedlander, J., and Kirsch, J., concur.