## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 25 2019, 9:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew Michaloski
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justin Whitham,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 25, 2019

Court of Appeals Case No.
18A-CR-1864

Appeal from the Ripley Circuit Court

The Honorable Jeffrey Sharp, Special Judge

Trial Court Cause No.
69C01-0906-FB-11

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Justin Whitham (Whitham), appeals the trial court's revocation of his probation.

We affirm.

# ISSUE

Whitham presents this court with one issue on appeal which we restate as follows: Whether the trial court abused its discretion by revoking Whitham's suspended sentence and ordering his previously-suspended sentence to be served at the Department of Correction (DOC).

# FACTS AND PROCEDURAL HISTORY

On June 24, 2009, the State filed an Information, charging Whitham with three Counts of sexual misconduct with a minor, Class B felonies. On October 11, 2011, the State and Whitham filed a joint motion in tender of conditional negotiated plea, in which Whitham agreed to plead guilty to one Count of sexual misconduct with a minor, a Class B felony, in exchange for a recommended sentence of eighteen years with three years suspended. The following day, the trial court accepted the plea and sentenced Whitham to the recommended sentence, as well as to the common conditions for probation, including not to use controlled substances without a prescription and not to commit another criminal offense. The trial court dismissed the two additional Counts of sexual misconduct with a minor.

[5] Whitham was released from the Department of Correction (DOC) on July 14, 2016 and placed on probation. On December 19, 2017, Whitham's urine-analysis drug screen at Ripley County Court returned positive for methamphetamine use. At the time, Whitham denied any illegal drug use. On December 27, 2017, an outside toxicology laboratory confirmed the positive result of the drug screen. Consequently, on January 5, 2018, the State filed a petition for probation violation hearing.

[6] On January 24, 2018, Whitham committed a new offense of possession of a narcotic as a Level 6 felony. On February 20, 2018, the State amended the petition for probation violation hearing by adding an allegation that Whitham had committed this new offense. On July 2, 2018, the trial court conducted a hearing on the State's petition, during which Whitham admitted to the violations and pled guilty. The trial court revoked the balance of Whitham's suspended sentence and terminated his probation.

[7] Whitham now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Whitham maintains that the trial court abused its discretion when it remanded him to the DOC for the remainder of his previously-suspended sentence. Probation is a matter of grace left to the trial court's sound discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the probationer violates those conditions. *Id*. We

review a trial court's probation violation determination using an abuse of discretion standard. *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or where the trial court misinterprets the law. *Id*. In determining whether a trial court has abused its discretion, we neither reweigh evidence nor judge witness credibility. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2014). Instead, we consider conflicting evidence in the light most favorable to the trial court's ruling. *Id*.

[9] Probation revocation is a two-step process, wherein the trial court first makes a factual determination as to whether the probationer violated the terms of his probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Then, if a violation is found, the court determines whether the violation warrants revocation. *Id*. Because a probation revocation proceeding is civil in nature, the State need only prove the alleged probation violation by a preponderance of the evidence. *Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010). Proof of a single violation is sufficient to permit a trial court to revoke probation. *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*.

[10] After Whitham admitted to both probation violations and pled guilty, the trial court could impose one or more of the following sanctions: (1) continue Whitham's probation, with or without modifying or enlarging the conditions; (2) extend his probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of the initial sentencing. Ind. Code § 35-38-2-

3(h). Pursuant to the statute, the trial court chose to order the execution of all of Whitham's previously-suspended term.

[11] Relying on *Johnson v. State*, 62 N.E.3d 1224 (Ind. Ct. App. 2016), Whitham characterizes the trial court's decision as an unwarranted response to a minor, 'technical' violation because he had completed seventeen months of probation without any known violations and immediately admitted to the allegations of probation violation. In *Johnson*, the trial court revoked a mentally-handicapped offender's community correction placement for minor, technical violations such as straying slightly beyond his prescribed boundaries and failing to rigidly adhere to a schedule. *Id*. at 1231. We concluded that based on his level of functioning and resources, his previous successful placement on work release, the nature of the violation, and the severity of the court's sentence, the trial court abused its discretion by revoking the entirety of the remaining portion of his executed sentence and remanding him to the DOC. *Id*.

[12] Unlike the minor violations of *Johnson*, Whitham's violations were not trivial and the consequences were not unexpected. Whitham used or possessed controlled substances on two different occasions; the latter resulting in a new, separate offense. Initially, Whitham tried to deceive the trial court by denying his drug use before being confronted with the evidence of the outside testing laboratory. Repeated use or possession of drugs is not a technical violation of a minor probation term. Rather, the prohibition on committing further criminal offenses is specified on the front page of the trial court's judgment of conviction and pronouncement of sentence and indicates that upon committing another

criminal offense, the "probation may be revoked." (Appellant's App. Vol. II, p. 91).

[13] Whitham now attempts to use his admission to the probation violations to his benefit, noting that he admitted to his violation "[a]t the very first opportunity," during the hearing and "threw himself upon the mercy of the court." (Appellant's Br. p. 11). However, the evidence reflects that, at the time of the probation violation hearing, Whitham had already been found guilty of the January 2018 offense, possession of a narcotic drug. As such, the trial court noted that "the probation violation is somewhat of a foregone conclusion." (Transcript p. 15). Accordingly, we conclude that the trial court did not abuse its discretion by imposing Whitham's previously-suspended sentence.

## CONCLUSION

[14] Based on the foregoing, we affirm trial court's revocation of Whitham's suspended sentence and imposition of his previously-suspended sentence to be served at the DOC.

[15] Affirmed.

[16] Kirsch, J. and Robb, J. concur