## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 29 2019, 7:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen M. Heard
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kyle James Fravel,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 29, 2019

Court of Appeals Case No.
18A-CR-2099

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge

Trial Court Cause No. 82C01-
1512-F2-7795

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Kyle Fravel (Fravel), appeals the trial court's revocation of his probation and imposition of his previously-suspended sentence.

We affirm.

# ISSUE

Fravel raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion in revoking his probation and ordering him to serve the totality of his previously-suspended sentence.

# FACTS AND PROCEDURAL HISTORY

On December 14, 2015, sixteen-year-old Fravel and some of his friends robbed a nearby residence. Fravel waited in the car while his friends kicked in the door of the residence. During the robbery, one of the residents was held at gunpoint, while the other had a machete held to his chest. Fravel admitted that he was aware of the plan to commit the robbery.

On March 22, 2016, the State filed an amended Information, charging Fravel with eight Counts: burglary, a Level 2 felony; aiding, inducing, or causing burglary, a Level 2 felony; armed robbery, a Level 3 felony; two Counts of aiding, inducing, or causing armed robbery, Level 3 felonies; two Counts of armed robbery, Level 3 felonies; and criminal mischief, a Class B misdemeanor. On August 16, 2016, the State filed an "Information for Sentencing Enhancement for Person Committing Felony Offense While A Member of A

Criminal Gang." (Appellant's App. Vol. II, p. 71). That same day, Fravel pled guilty to aiding, inducing, or causing armed robbery, as a Level 3 felony, and the criminal gang enhancement; the State dismissed all other charges. On October 18, 2016, the trial court sentenced him to three years for the Level 3 felony, enhanced by another three years for the criminal gang adjudication. Fravel was ordered to serve the first sixteen months of his sentence in a juvenile facility, where he obtained his GED. Upon completion of this placement, Fravel's sentence was modified by placing him on probation and he was released on October 17, 2017. As a condition of his probation, Fravel was required to either find employment or attend school.

[6] On October 25, 2017, Chanze Merrick (Merrick) and Tyler Flota (Flota) arranged to purchase marijuana from Fravel. The meeting took place in Fravel's car. Merrick had not met Fravel previously but found his voice distinctive. After Fravel gave Flota the marijuana, Flota and Merrick took off running without paying Fravel. While running, Merrick heard several gunshots. When police officers responded to the scene, they discovered Flota who had been shot in the leg. During a preliminary investigation, Flota identified Fravel as the shooter. After Fravel and Merrick were both arrested and booked into the jail, Fravel came up to Merrick, asking him "do you remember me . . . my name is [Fravel]." (Transcript Vol. I, p. 33). Merrick recognized the name and the voice. Merrick entered a guilty plea a couple of weeks later, in which he agreed to testify truthfully if called to do so. After

Merrick entered his plea and returned to jail, Fravel approached him, advising him to back out of his plea agreement and to take his case to trial.

[7] On October 26, 2017, the State filed a petition to revoke Fravel's probation. On August 2, 2018, the trial court conducted a consolidated bench trial on the probation revocation petition and Fravel's new criminal charges. Flota was granted use immunity to testify against Fravel, but he refused to testify for fear of retaliation. Because the trial court concluded that without Flota's testimony there was insufficient evidence beyond a reasonable doubt that Fravel was the shooter, the trial court only found him guilty of dealing in marijuana, as a Class A misdemeanor. Thereafter, based on this new misdemeanor conviction, the trial court revoked Fravel's probation in the current cause and ordered him to serve the remaining portion of his previously-suspended six-year sentence in the Department of Correction (DOC).

[8] Fravel now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

[9] Fravel maintains that the trial court abused its discretion when it remanded him to the DOC to serve the remainder of his previously-suspended sentence. Probation is a matter of grace left to the trial court's sound discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the probationer violates those conditions. *Id*. We review a trial court's probation violation determination using an abuse of

discretion standard. *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or where the trial court misinterprets the law. *Id*. In determining whether a trial court has abused its discretion, we neither reweigh evidence nor judge witness credibility. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2014). Instead, we consider conflicting evidence in the light most favorable to the trial court's ruling. *Id*.

[10] Probation revocation is a two-step process, wherein the trial court first makes a factual determination as to whether the probationer violated the terms of his probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Then, if a violation is found, the court determines whether the violation warrants revocation. *Id*. Because a probation revocation proceeding is civil in nature, the State need only prove the alleged probation violation by a preponderance of the evidence. *Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010). Proof of a single violation is sufficient to permit a trial court to revoke probation. *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*.

[11] After Fravel was found guilty of the Class A misdemeanor dealing in marijuana, the trial court could impose, in the current cause, one or more of the following sanctions: (1) continue Fravel's probation, with or without modifying or enlarging the conditions; (2) extend his probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of the initial sentencing. Ind. Code § 35-38-2-3(h). Pursuant to the statute, the trial

court elected to order the execution of all of Fravel's previously-suspended term.

[12] Analogizing to recent case law in which we reversed a trial court's probation revocation because it failed to consider the particular facts and circumstances of the defendant, Fravel maintains that his specific situation did not warrant the imposition of the entire previously-suspended sentence. *See, e.g., Ripps v. State*, 968 N.E.2d 323, 328 (Ind. Ct. App. 2012) (Trial court abused its discretion by imposing the entire previously-suspended sentence where defendant was terminally ill and was attempting to adhere to his probation conditions); *Sullivan v. State*, 56 N.E. 3d 1157, 1162 (Ind. Ct. App. 2016) (Trial court abused its discretion by imposing the entire previously-suspended sentence where defendant was at a mental health hospital at the time he was required to report to probation). Focusing on his age, his success at the juvenile detention facility where he obtained his GED, and the nature of the misdemeanor conviction, Fravel maintains that the imposition of his six-year sentence amounted to an abuse of discretion and should be reversed.

[13] We disagree. Unlike the precedents relied upon by Fravel, the circumstances leading to Fravel's probation revocation were not outside of his control; rather, Fravel intentionally committed a new crime which resulted in a misdemeanor conviction. Just over a week after beginning his probation, Fravel was already dealing marijuana and suspected to be involved in a shootout after the deal turned sour. After being arrested and while awaiting trial in jail, Fravel attempted to influence the victims and witnesses against him.

Furthermore, we find Fravel's reliance on his particular situation to be misplaced. Pointing to his GED as a circumstance in his favor, he fails to acknowledge that obtaining his GED was a requirement under his probation and therefore cannot be considered a mitigating circumstance. While his young age of nineteen could have been a favorable factor, "for people in their teens and early twenties [age] is not the end of the inquiry. There are both relatively old offenders who seem clueless and relatively young ones who appear hardened and purposeful." *Ellis v. State*, 736 N.E.2d 731, 736 (Ind. 2000). Fravel appears to fall in this second category. At age nineteen, Fravel has already been convicted and served sixteen months for the role he played in an armed robbery with an additional enhancement for gang involvement. He then committed this second criminal offense—with an allegation of being armed— just one week after beginning his probation.

Viewing the circumstances of this particular case, we cannot say that the trial court abused its discretion by ordering Fravel to serve his entire previously-suspended sentence.

## CONCLUSION

Based on the foregoing, we affirm the trial court's revocation of Fravel's suspended sentence and imposition of his previously-suspended six-year sentence.

Affirmed.

Bailey, J. and Pyle, J. concur