## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2019, 6:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jacob A. Ahler
Law Office of Riley & Ahler P.C.
Rensselaer, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Laroy McCullough, Jr.

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 10, 2019

Court of Appeals Case No.
19A-CR-1005

Appeal from the
Jasper Superior Court

The Honorable
Russell D. Bailey, Judge

Trial Court Cause No.
37D01-0804-FB-115

**Kirsch, Judge.**

[1] Michael Laroy McCullough, Jr. ("McCullough") appeals the trial court's revocation of his probation and imposition of his previously suspended

sentence. McCullough raises one issue, which we restate as whether the trial court abused its discretion when it determined he violated his probation and ordered him to serve his previously suspended six-year sentence.

[2] We affirm.

## Facts and Procedural History

[3] On April 21, 2008, McCullough, who was sixteen years old at the time, entered the Petro 75 Shopping Center in Jasper County, Indiana and demanded money while armed with a revolver and a sawed-off shotgun. *Appellee's App. Vol. II* at 2. Two days later, the State charged McCullough with attempted armed robbery, a Class B felony; conspiracy to commit armed robbery, a Class B felony; dealing in a sawed-off shotgun, a Class D felony; and carrying a handgun without a license, a Class A misdemeanor. *Id.* at 2-5. On November 19, 2008, McCullough pleaded guilty to Class B felony conspiracy to commit armed robbery,[1] and the State dismissed the remaining charges. *Id.* at 6-7. Pursuant to his plea agreement, the trial court sentenced McCullough to an aggregate sentence of twelve years, with six years ordered executed in the Indiana Department of Correction ("DOC") and six years suspended to probation. *Id.* at 6-9.

---

[1] *See* Ind. Code §§ 35-42-5-1 (West 2008), 35-41-5-2 (West 2008).

[4]     After serving the executed portion of his sentence, McCullough was released from DOC and started probation in Jasper County on November 4, 2014. *Appellant's App. Vol. 2* at 19. At that time, McCullough signed the Conditions of Probation, indicating that he understood and agreed to comply with the terms of probation. *Id.* at 22. Those terms included, in pertinent part, that McCullough: (1) not commit any criminal offense; (2) not possess or consume any illegal drugs or controlled substances; (3) not buy, possess, or consume alcohol; (4) submit to drug screens to determine alcohol or drug use; (5) work faithfully at suitable employment or diligently look for a job; and (6) pay the initial probation fee of $50 plus $15 per month. *Id.* at 19-22.

[5]     On August 2, 2017, the State filed its first petition to revoke McCullough's probation, alleging that McCullough violated the terms of probation by: (1) testing positive for marijuana on November 26, 2016; (2) failing to report to probation for a drug screen on March 1, 2017; (3) testing positive for marijuana on March 9, 2017; and (4) being arrested and charged with Class A misdemeanor battery on July 23, 2017. *Id.* at 17. The trial court held a hearing on February 7, 2018 and, after a short recess, the parties agreed that McCullough would admit to the first three allegations but "return to probation with same release date of 11/4/2020." *Appellant's App. Vol. 2* at 9. The trial court accepted the parties' agreement but added the condition that McCullough obtain a substance abuse evaluation within six months and complete all treatment recommendations before the end of probation. *Id.* at 9.

[6] On February 23, 2018, the trial court granted McCullough's request to transfer his probation to Lake County. Around that time, McCullough informed Lake County Probation "that he had an appointment scheduled with Edgewater," a Lake County service provider, to address substance abuse issues. *Tr. Vol. II* at 15. Marcos Zuazua ("Officer Zuazua"), a Lake County Probation Officer, advised McCullough that he would need to provide documentation of his participation in the Edgewater program. *Id.*

[7] On January 7, 2019, the State filed its second petition to revoke probation, alleging that McCullough violated his probation by: (1) testing positive for cocaine on May 9, 2018; (2) failing to obtain gainful employment; (3) failing to complete substance abuse treatment within six-months of February 7, 2018; (4) failing to report for mandatory drug screens on April 27, 2018, August 17, 2018, September 3, 2018, November 27, 2018, and December 10, 2018; and (5) failing to make any payments toward his probation transfer fees in the amount of $2,475. *Appellant's App. Vol. 2* at 18.

[8] During the April 3, 2019 fact-finding hearing, the trial court admitted, over McCullough's hearsay objection, a drug screen report showing that McCullough had tested positive for cocaine on May 9, 2018. *Tr. Vol. II* at 13; *Appellant's App. Vol. 2* at 26. The State then questioned McCullough about the other probation violation allegations. The trial court concluded that McCullough had violated his probation and sentenced him to serve his previously suspended sentence. McCullough now appeals.

# Discussion and Decision

[9] McCullough argues that the trial court abused its discretion when it concluded he violated his probation and ordered him to serve his previously suspended six-year sentence.

> "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances."

*Montgomery v. State*, 58 N.E.3d 279, 280-81 (Ind. Ct. App. 2016) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted)).

[10] "Probation revocation is a two-step process." *Sparks v. State*, 983 N.E.2d 221, 224 (Ind. Ct. App. 2013). "First, the court must make a factual determination that a violation of a condition of probation has taken place." *Id*. "Second, if a violation is proven, the trial court must determine whether the violation warrants revocation of the probation." *Id.* When there is proof of a single violation of the conditions of probation, the court may revoke probation. *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*. After finding a

violation, the trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; and (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).

[11] "[A] probation revocation proceeding is civil in nature, and the State must prove its allegations by a preponderance of the evidence." *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). "A probationer faced with a petition to revoke his probation is not entitled to the full panoply of rights he enjoyed before the conviction." *Butler v. State*, 951 N.E.2d 255, 259 (Ind. Ct. App. 2011). For example, the rules of evidence do not apply in a revocation proceeding. *See* Ind. Evidence Rule 101(d)(2) (providing that Indiana Rules of Evidence, other than those with respect to privilege, do not apply in probation proceedings). To protect against evidence being admitted "willy-nilly in a probation revocation hearing," our Supreme Court requires that hearsay should satisfy the "substantial trustworthiness" test. *Smith v. State*, 971 N.E.2d 86, 90 (Ind. 2012) (citing *Reyes v. State*, 868 N.E.2d 438, 442 (Ind. 2007)). "'[I]deally [the trial court should explain] on the record why the hearsay [is] reliable and why that reliability [is] substantial enough to supply good cause for not producing . . . live witnesses.'" *Reyes*, 868 N.E.2d at 442 (quoting *United States v. Kelley*, 446 F.3d 688, 693 (7th Cir. 2006)).

[12]     In its petition to revoke probation, the State alleged that McCullough violated his probation by: (1) testing positive for cocaine on May 9, 2018; (2) failing to obtain gainful employment; (3) failing to complete substance abuse treatment within six months after February 7, 2018; (4) failing to report for mandatory drug screens on April 27, 2018, August 17, 2018, September 3, 2018, November 27, 2018, and December 10, 2018; and (5) failing to make any payments toward his probation transfer fees in the amount of $2,475.[2] *Appellant's App. Vol. 2* at 18. During the fact-finding hearing on that petition, McCullough's counsel objected to the admission of McCullough's drug screen lab report, which was positive for cocaine. Defense counsel argued, "There is no business records, affidavit included with this. Um, I don't—I don't know if [the State] plans on calling the actual ah, someone from Forensic Solutions but, Your Honor, the document itself is hearsay." *Tr. Vol. II* at 13. McCullough contends that the trial court abused its discretion when it admitted this hearsay report into evidence because it was not trustworthy.

[13]     We need not reach the question of whether McCullough's drug screen was inadmissible hearsay. Assuming without deciding that it was error to admit the

---

[2] Our Supreme Court has said, "As provided by Indiana's statutory scheme, probation may be revoked for violation of a probation condition but, for violations of financial conditions, only if the probationer recklessly, knowingly, or intentionally fails to pay." *Runyon v. State,* 939 N.E.2d 613, 616 (Ind. 2010). Because there is no evidence that McCullough recklessly, knowingly, or intentionally failed to pay these fees, his probation revocation cannot be based on any violations caused by his financial condition. *See Clark v. State*, 958 N.E.2d 488, 491 n.3 (Ind. Ct. App. 2011) (probation revocation cannot properly be based on financial conditions unless probationer's failure to pay is reckless, knowing, or intentional). As such, we do not consider McCullough's non-payment of fees as a basis for our determination that the trial court did not abuse its discretion when it revoked McCullough's probation.

drug screen, such error is harmless when there is other evidence that supports the trial court's conclusion that McCullough violated his probation. *See Smith v. State*, 114 N.E.3d 540, 543 (Ind. Ct. App. 2018) ("erroneous admission of hearsay testimony does not require reversal unless it prejudices the defendant's substantial rights"). We find the following evidence supports the trial court's decision.

[14] McCullough signed the Conditions of Probation, acknowledging that he had read and understood the terms of probation. *Appellant's App. Vol. 2* at 19-22. Two of the probation conditions related to potential drug use. One condition prohibited McCullough from consuming any illegal drug or controlled substance. *Id*. at 19. A second provision required McCullough to "submit to blood, breath, chemical, or urine test, if required to do so by a Probation Officer." *Id*. at 20. During the fact-finding hearing, the State and McCullough engaged in the following exchange regarding the prohibition on the consumption of drugs:

> Q. Mr. McCullough, when you were placed on probation, you read, signed, and understood the terms and conditions of probation, correct?
>
> A. Yes.
>
> Q. You understood that those terms and conditions include you were not to ah, partake of any illicit substances?
>
> A. Yes.

Q. And yet, on May 9th of 2018, you tested positive for cocaine on the drug screen; is that correct?

A. Yes.

Q. And that's a violation of your probation?

A. Yes.

*Tr. Vol. 2* at 25. Even without the drug screen, there was sufficient evidence for the trial court to find that McCullough had consumed cocaine and knew it was a violation of his probation.

[15] Regarding the second condition of reporting for drug screens, Officer Zuazua testified that everyone "on probation in Lake County has to call the random drug testing hotline." *Id.* at 13. Each probationer is given an "ID number" that they have to use when they call the drug testing hotline." *Id.* Officer Zuazua testified, "Since [McCullough] is on probation with us, everybody in Lake County . . . has to call in Monday through Friday ah, to see if they have to be randomly drug tested." *Id.* at 14. Officer Zuazua stated that McCullough failed to report for mandatory drug screens on April 27, 2018, August 17, 2018, September 3, 2018, November 27, 2018, and December 10, 2018. *Id.* During the fact-finding hearing, McCullough conceded that he did not show up for those tests but argued that his absence occurred "not knowingly" because he did not have a phone he could use to call to see if needed to appear for the random drug screen. *Id.* at 26. The State then asked twice whether McCullough had, in

fact, called in. McCullough said no. *Id*. While McCullough's admissions that he tested positive for cocaine and that he failed to appear for required drug screens on five separate occasions are sufficient to support the revocation of McCullough's probation, the State proved additional violations.

[16] As part of probation, McCullough agreed to "work faithfully at suitable employment or faithfully pursue a course of study or vocational training that will equip you for suitable employment. Further, if you are not employed you must diligently seek employment." *Appellant's App. Vol. 2* at 20. Responding to the State's question regarding his employment, McCullough admitted that he had not been working. *Tr. Vol. II* at 24. McCullough tried to explain that his lack of work was because he was "going through disability." *Id*. Yet, responding to further questions, McCullough admitted that he had not been approved for disability. *Id*. This was another violation of McCullough's probation.

[17] McCullough also agreed as part of probation that he would obtain a substance abuse evaluation within six months after February 7, 2018 and complete all treatment recommendations prior to the end of probation.[3] *Appellant's App. Vol. 2* at 9. McCullough testified that he had completed eight of the twelve

---

[3] The trial court added this condition in connection with the State's first petition to revoke McCullough's probation. *Tr. Vol. II* at 8. At that time, the parties agreed that McCullough would admit that he committed three probation violations and be returned to the same term of probation. *Tr. Vol. II* at 32. The trial court, however, added the additional condition that McCullough obtain substance abuse treatment within six months of the hearing. *Id*. at 8.

substance abuse treatment sessions at Edgewater. *Tr. Vol. II* at 25, 27. Officer Zuazua had informed McCullough that he would have to supply documentation of his participation so that Lake County could share that information with Jasper County Probation. *Id*. at 15. Officer Zuazua testified that probation received no notification regarding McCullough's participation, and McCullough testified that he had no documentation reflecting his participation. *Id*. at 20, 27. The fact-finding hearing was held on April 3, 2019, a date that was more than a year after McCullough had been instructed to obtain substance abuse treatment, yet McCullough had no documentation that he had obtained that treatment.

[18] When there is proof of a single violation of the conditions of probation, the court may revoke probation. *Beeler*, 959 N.E.2d at 830. Here, evidence was presented to establish that McCullough violated four conditions of probation. The trial court did not abuse its discretion when it found that McCullough had violated his probation.

[19] Addressing the imposed sanction, McCullough argues that he was just sixteen years old when he committed the underlying crime, that he served three years of probation without a violation, and that he should have been transferred to Marion County Probation where he had family support and could obtain counseling for his drug habit. *Appellant's Br.* at 6. As such, McCullough contends that the trial court abused its discretion when it ordered him to serve the previously suspended six-year sentence. We disagree.

[20] After serving the executed portion of his sentence, McCullough was released from DOC and started probation in Jasper County on November 4, 2014. While the State filed the first petition for revocation almost three years later, it alleged, and McCullough admitted to, having tested positive for marijuana on November 26, 2016, failing to report to probation for a drug screen on March 1, 2017, and testing positive for marijuana on March 9, 2017. *Appellant's App. Vol. 2* at 17. In other words, McCullough admitted to having committed three violations within two and a half years of being released from DOC. The trial court was lenient when it imposed the sanction for those three admitted violations because it returned McCullough to probation on February 7, 2018, with the "same release date of 11/4/2020." *Appellant's App. Vol. 2* at 9. The trial court, however, recognized that drug abuse was an issue for McCullough and imposed the new condition that McCullough obtain a drug abuse assessment within six months. *Id*.

[21] Thereafter, McCullough committed four probation violations within the first six months following his February 7, 2018 return to probation. McCullough's first violation was his failure to appear for a mandatory drug screen on April 27, 2018, and his second violation was his admitted consumption of cocaine on May 9, 2018. *Tr. Vol. II* at 25, 26. McCullough also missed the six-month deadline for obtaining the ordered drug assessment and failed to appear for a required drug screen on August 17, 2018.

[22] During sentencing, the trial court recognized that McCullough had committed the underlying crime when he was 16. *Tr. Vol. II* at 36. Noting that it was good

that McCullough had "taken ownership of that," the trial court said that the issue before the trial court pertained to McCullough's violation of probation and not the underlying offense. *Id*. The trial court asserted that a suspended sentence "comes [with] certain obligations and responsibilities," and that McCullough had not met those responsibilities. *Id*. Stating that McCullough "would not qualify for Jasper County Community Corrections," the trial court ordered McCullough to serve the "balance of [his] suspended sentence." *Id*. at 36-37. Based on this evidence, we cannot say that the trial court abused its discretion when it terminated McCullough's probation and ordered him to serve balance of his previously suspended sentence executed.

[23] Affirmed.

Baker, J., and Crone, J., concur.